1   FABIO R. CABEZAS         STATE BAR NO. 131998
    RICHARD J. REYNOLDS      STATE BAR NO. 89911
2   TURNER, REYNOLDS, GRECO & O'HARA
    A Law Corporation
3   16485 Laguna Canyon Road, Suite 250
    Irvine, California 92618-3837
4
    Telephone:   949 474-6900
5   Facsimile:   949 474-6907
    E-Mail:      fcabezas@trlawyers.com
6                rreynolds@trlawyers.com

7   Attorneys for Respondents, MTC FINANCIAL INC., dba TRUSTEE
    CORPS [mistakenly sued as MTC FINANCIAL, INC., dba TRUSTEE CORPS]
8   RICHARD J. REYNOLDS

*E-filing*

**FILED**

APR 2 6 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9                   **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12  In re ESTATE OF EDITH JOHNSON.    **CV  11** NO.  **20 4 0**

13                                    )    San Francisco Superior Court
    JOSIENA BROWN, Administratrix.    )    Case No. PES-10-293632
14                                    )
                                      )    *JCS*
15  JOSIENA BROWN,                    )    **NOTICE OF REMOVAL OF**
                                      )    **ACTION UNDER U.S.C. §1441(b)**
16          Petitioner,               )
                                      )
17          vs.                       )
                                      )
18  FINANCIAL FREEDOM SENIOR FUNDING  )
    CORPORATION, A SUBSIDIARY OF      )
19  INDYMAC BANK, FSB; MORTGAGE       )
    ELECTRONIC REGISTRATION SYSTEMS,  )
20  INC. ("MERS"); FINANCIAL FREEDOM  )
    ACQUISITION, LLC; MTC FINANCIAL,  )
21  INC., dba TRUSTEE CORPS; RICHARD J. )
    REYNOLDS AND HYDEE J. MULICHAK;   )
22  DOES 1 THRU 20                    )
                                      )
23          Respondents.             )
                                      )
24

25          **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

26          **PLEASE TAKE NOTICE** that Respondents MTC FINANCIAL INC. dba

27  TRUSTEE CORPS and RICHARD J.  REYNOLDS hereby remove to this Court the State

28  Court action described below.

**ORIGINAL**

On April 22, 2011, an action was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled JOSIENA BROWN, Petitioner, vs. FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A SUBSIDIARY OF INDYMAC BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); FINANCIAL FREEDOM ACQUISITION, LLC; MTC FINANCIAL, INC., dba TRUSTEE CORPS; RICHARD J. REYNOLDS AND HYDEE J. MULICHAK; DOES 1 THRU 20, Respondents, as Case No. PES-10-293632. A true and correct copy of that Petition to Recover Real Property with Exhbiits [PC §§850] is attached hereto and incorporated by reference as Exhibit "A." A true and correct copy of the Notice of Hearing - Decedent's Estate or Trust is attached hereto and incorporated herein by reference as Exhibit "B." A true and correct copy of the Verified Ex Parte Application for Order Granting Temporary Restraining Order Enjoining trustee sale, and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted; Declaration of Richard A. Cantella is attached hereto and incorporated by reference as Exhibit "C." A true and correct copy of the Notice of Pendency of Action is attached hereto and incorporated by reference as Exhibit "D."

This action is a civil action of which this Court has jurisdiction and is one which may be removed to this Court by Respondents in that it alleges violations of the provisions of 12 U.S.C. §1715z-1720; 42 U.S.C. §1981; 42 U.S.C. §1982; 42 U.S.C. §3604 and 42 U.S.C. §1985. No other Respondents have been served

Dated: April 25, 2011

**TURNER, REYNOLDS, GRECO & O'HARA**

By: _____
RICHARD J. REYNOLDS
FABIO R. CABEZAS
Attorneys for Respondents, MTC
FINANCIAL INC. dba TRUSTEE CORPS
and RICHARD J. REYNOLDS

Exhibit A

1 | RICHARD A. CANATELLA (SBN 53264)
Cotter & Del Carlo
2 | 4610 Mission Street, Fourth Floor
San Francisco, CA 94112
3 | (415) 584-5446
(415) 584-5447 FAX
4 |
DAVID R. OLICK (SBN 72152)
5 | 836-B Southhampton Road-Mailbox 349
Benicia, CA 94510
6 | (707) 750-1005
(925) 401-9419 FAX
7 |
Attorneys for JOSIENA BROWN
8 |

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

APR 2 2 2011

CLERK OF THE COURT
By: _____ WILMA DE GRACIA
Deputy Clerk

9 | ## SUPERIOR COURT OF CALIFORNIA

10 | ## CITY AND COUNTY OF SAN FRANCISCO-PROBATE

11 |

12 | In re ESTATE OF EDITH JOHNSON.
_____/

13 | JOSIENA BROWN, Administratrix.
_____/

14 |

15 | JOSIENA BROWN,

16 |            Petitioner,

17 | v.

18 | FINANCIAL FREEDOM SENIOR
FUNDING CORPORATION, A
19 | SUBSIDIARY OF INDYMAC BANK,
FSB; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
20 | ("MERS"); FINANCIAL FREEDOM
ACQUISITION, LLC; MTC FINANCIAL,
21 | INC., dba TRUSTEE CORPS;
RICHARD J. REYNOLDS AND HYDEE
22 | J. MULICHAK; DOES 1 THRU 20,

23 |            Respondents.
_____/

**No. PES-10-293632**

**PETITION TO RECOVER REAL
PROPERTY WITH EXHIBITS
[PC §§ 850]**

**400 McAllister Street
San Francisco, CA 94102**

[JUN 0 1 2011

24 |

25 |

26 |

27 |

EXHIBIT____$A$____
PAGE____3____

28 |

PETITION TO RECOVER REAL PROPERTY

1    **COMES NOW** petitioner JOSIENA BROWN, individually and as the duly

2  appointed administratrix and personal representative of the Estate of Edith Johnson by

3  order dated July 28, 2010, and alleges:

4                          **I. JURISDICTION, PARTIES, VENUE**

5    1. This probate court is a court of "general jurisdiction" with "all the powers of the

6  superior court." (*See* Probate Code, § 800 ["court handling Probate Code proceedings is

7  court of general jurisdiction."]). This Court has subject matter jurisdiction under Probate

8  Code, §§ 850, subd. (a)(2) (A), (B) & ©.

9    2. Petitioner brings this action under the Civil Rights Act, 42 U.S.C. §§ 1981,

10  1982, 3604, 1985(3), and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 & 52 against

11  Financial Freedom Senior Funding Corporation, a subsidiary of Indymac Bank, FSB;

12  Mortgage Electronic Registration Systems, Inc. ("MERS"); Financial Freedom

13  Acquisition, LLC; MTC Financial, Inc., dba Trustee Corps (trustee), Richard J. Reynolds

14  and Hydee J. Mulichak and Does 1 thru 20, for conspiracy to violate and violation of the

15  foregoing federal and state civil rights law.

16    3. Petitioner also alleges claims to enjoin and or set aside trustee sale and for

17  recovery of real property located at 1200 Jamestown Avenue, San Francisco 94124;

18  interference with right to inherit; interference with prospective advantage; interference

19  with contract; promissory fraud; constructive and actual fraud; quiet title; breach of

20  fiduciary duties and conversion.

21    4. Petitioner is ignorant of the true names and capacities, whether individual,

22  corporate, associate or otherwise, of the defendants sued herein as DOES 1 thru 20,

23  inclusive, but alleges that defendants and each of them were in some way or manner

24  directly or proximately responsible for or contributed to the injuries suffered by petitioner

25  and decedent's estate as hereinafter alleged, and plaintiff seeks leave to amend this

26  petition to show their true names and capacities when ascertained. Petitioner is informed

27  and believes and alleges that in committing the acts alleged as to respondents, each

28

**EXHIBIT** _____*A*_____

**PAGE**_____4_____

PETITION TO RECOVER REAL PROPERTY          2

1 was a joint venturer, agent or employee of each other defendant, and at all times in

2 doing the things alleged acting within the scope of such venture, agency or employment.

3   5. Respondents contend they can proceed to foreclose the estates only asset,

4 real property located at 1200 Jamestown Avenue, San Francisco, at a trustee sale now

5 scheduled for April 28, 2011. There is thus "pressing necessity for immediate relief".

6 Probate Code section 9391, authorizes "The personal representative ... to seek to enjoin

7 any action of the lienholder to enforce a lien against property (of the estate) that is

8 subject to the lien." (Ibid.)

9                    **II. BACKGROUND FACTS.**

10   6. It is common knowledge that the United States is in the midst of one of the

11 worst foreclosure crisis in the country's history resulting in thousands of people losing

12 their homes each week due to foreclosure. Not only are many people losing their homes,

13 but homeowners across the country have already lost billions of dollars in housing

14 wealth. One study projects loses of 164 billion dollars in housing wealth. Most of this lost

15 wealth consists of equity that has been or will be stripped away. Many African American

16 homeowners appear to be particularly hard hit by this crisis and these minority

17 homeowners have lost a tremendous amount of wealth due to foreclosure.

18   7. Petitioner, an African American, is the only child of decedent Edith Johnson, an

19 African American widow, born August 22, 1926 in Indiana. Decedent died January 1,

20 2010, age 84, in the City and County of San Francisco and her estate is being

21 administered there. On or about April 29, 2005, when she was near 80, decedent

22 executed and delivered to Financial Freedom Senior Funding ("FF") a note secured by

23 deed of trust whereby decedent bound herself to pay to FF specific amounts under a

24 reverse mortgage encumbering real property at 1200 Jamestown Avenue, San

25 Francisco, CA 94124 (sometimes hereafter "the property"). On May 5, 2005, the deed of

26 trust securing the promissory note was recorded in the San Francisco County Recorder's

27 Office, designated as Instrument No. 2005-H948055-00. ("Deed of Trust"). Decedent

28

**EXHIBIT** $\text{A}$

**PAGE** $\text{5}$

PETITION TO RECOVER REAL PROPERTY            2

1  also executed and delivered to FF a home equity conversion loan agreement, more

2  commonly known as a "Reverse Mortgage Agreement".[1] FF advanced the monies

3  required pursuant to the note and home equity conversion agreement. The agreement

4  and deed of trust both provide that the entire balance of the loan is due to be paid in full,

5  upon decedent's death. On September 24, 2009, an assignment of beneficial interest

6  under the deed of trust was transferred from FF to Mortgage Electronic Registrations,

7  Inc. ("MERS), designated as Instrument No. 2009-1865387-00. On October 28, 2010, an

8  assignment of beneficial interest under the deed of trust was transferred from MERS to

9  FF, designated as Instrument No. 2010-J069267-00.

10      8. In April 1973, decedent used all her available funds to purchase the Jamestown

11  property, a home in the Bayview neighborhood of San Francisco. **A true and correct**

12  **copy of the deed is attached and marked Exhibit A.** Petitioner is informed and

13  believes and alleges decedent made a down payment and financed the remainder of the

14  purchase price, that decedent's principal motivation in acquiring the property was to

15  provide her only child, petitioner and any grandchildren, with a place to live, and intended

16

17  [1] See Note & Comment: *Reverse Mortgages: Changes Brought About by the Housing

18  and Economic Recovery Act* (2009) 13 N.C. Banking Inst. 337, 342-343: "A reverse
mortgage works much like the name implies. Instead of the borrower making monthly

19  payments to the lender, as in a traditional mortgage, the lender (mortgagee) in a reverse
mortgage makes payment(s) to the borrower (mortgagor). The mortgagor may elect to be

20  paid in one of five different ways: equal monthly installments, a line of credit, a lump
sum, monthly term payments, or a combination thereof. ...The amount that borrowers are

21  eligible to borrow depends on their age, the value of their home, and the FHA loan limits.
The older the homeowner, the more they are eligible to borrow. The mortgagor does not

22  make any monthly payments, instead the loan does not become due until (I) the home is
no longer the borrower's principal dwelling; (ii) the borrower sells or otherwise transfers

23  the home; or (iii) the borrower dies. The loan is a "rising debt" loan, because the balance
increases over time. The accruing interest and principal amount of the payments to the

24  mortgagor are a lien held by the mortgagee on the home that must be paid once the
mortgagor no longer lives in the home. The title remains in the name of the mortgagors

25  and they may leave the property, subject to the reverse mortgage debt, to their

26  beneficiaries as they could a property without a reverse mortgage. The loan is a
non-recourse loan, meaning that the borrower cannot owe more than the value of the

27  home." (Ibid.)

28

EXHIBIT ___A___
PAGE ___6___

1  that petitioner would inherit the house when she died. In 1977, decedent borrowed

2  $1,788 to make improvements to the property. Around October 1978, decedent

3  refinanced the property with a loan around $5,000 from Cal Fed secured by deed of

4  trust. In December 1995, decedent refinanced again and borrowed around $5,000 and

5  paid off the Cal Fed loan. On May 5, 2005, decedent borrowed $469,342.50 from FF

6  under a reverse mortgage and paid off the $5,000 loan. Petitioner is informed and

7  believes and alleges that decedent received no counseling nor advice regarding the

8  efficacy of such a reverse mortgage loan under her circumstances, and lacked the

9  physical and mental capacity to comprehend any of the documents she executed in

10  obtaining the loan. Petitioner is informed and believes respondents committed numerous

11  violations of applicable statutes and regulations regarding the origination of reverse

12  mortgages and decedent without counseling or advice should never have applied for or

13  been approved for such a reverse mortgage.

14  9. Shortly after decedent's death, the impropriety of the subject reverse mortgage

15  came strikingly to light. On January 25, 2010, petitioner received a repayment notice

16  informing that a "home equity conversion mortgage (HECM) a type of reverse mortgage

17  issued by the Department of Housing and Urban Development (HUD) is automatically

18  due and payable when all mortgagors have died ...." **A true and correct copy of the**

19  **notice is attached and marked Exhibit B.** At the same time, petitioner who was then

20  living at the Jamestown property with her daughter, decedent's grandchild, received a

21  demand from FF that the reverse mortgage loan was "due and payable upon the death

22  of borrower". **A true and correct copy of the notice is attached and marked Exhibit**

23  **B.** Around the same time, FF sent an inspector to the property who gained access to the

24  property and sought information from petitioner and her daughter regarding who they

25  were, their relationship to decedent, when they intended to vacate the premises and

26  other personal information.

27  EXHIBIT _A_

28  PAGE _7_

1    10. On March 29, 2010, petitioner received a notice from FF stating: "Under the

2  Fair Debt Collection Practices Act, Financial Freedom is required to inform you of the

3  following: The amount of debt:- $295,335.90; the owner of the loan - Fannie Mae." FF

4  then requested that petitioner produce documents including any power of attorney and "if

5  you are refinancing, a copy of loan approval letter from new lender; if you are selling with

6  a realtor, a copy of the listing agreement; when you accept an offer to sell, a copy of the

7  sales contract; a copy of the death certificate; a copy of court appointment for Executor

8  or Personal Rep etc." **A true and correct copy of the notice is attached and marked**

9  **Exhibit C.** The notice also requested an appraisal, the name and number of someone

10  who can grant access to the property and a statement that the occupant was obligated to

11  keep FF "informed of any developments."

12    11. On June 23, 2010, petitioner petitioned the probate court for appointment as

13  decedent's personal representative and for letters of administration. The court signed an

14  order to probate July 28, 2010, and issued letters of administration the same day.

15  Meanwhile, on July 8, 2010, FF issued a "Notice of Intent to Foreclose" and demanded

16  that the "Default must be satisfied no later than 30 days from date of this letter." **A true**

17  **and correct copy of the notice is attached and marked Exhibit D.** Realizing that she

18  might be deprived of all or some part of her inheritance by FF's aggressive efforts to

19  foreclose the property, in August following the receipt of letters of administration,

20  petitioner commenced efforts to sell the property by entering a listing agreement with a

21  licensed California real estate agent, Cesar Contreras, Pacific Union International, One

22  Letterman Drive, Bldg. C, Suite 300, San Francisco. **A true and correct copy of the**

23  **notice is attached and marked Exhibit E.**

24    12. On August 30, since petitioner was given only limited authority by the order to

25  probate, petitioner gave published notice of private sale of the Jamestown property. But

26  no offers were received which could be reported back to court for confirmation. Petitioner

27  is informed and believes and alleges that through information available to the public re

28

EXHIBIT___A___

PAGE___8___

1   mortgage defaults, prospective purchasers were disinclined to make offers for the

2   property in the predominantly African American Bayview district, knowing that forced

3   foreclosure sale prices would be far lower than the fair market value of a non-foreclosure

4   property and the resale price would offer the mortgagee or third-party purchaser at

5   foreclosure sale (who act as speculators or vulture buyers) substantial windfall profits on

6   resale. This situation occurs especially when the owner is a poor African American like

7   petitioner as the personal representative of her mother's probate estate who earns less

8   than $1,200 per month.

9       13. Petitioner is informed and believes and alleges that petitioner as a poor

10  African American personal representative experiencing financial difficulty as a result of

11  death in the family and the hardship of probate proceedings and unexpected demands

12  for payment of a reverse mortgage with a large balance of approximately $300,000 could

13  expect no concessions (and received none) like allowing the property to be sold under

14  probate court supervision for its fair market value in due course. However, FF would

15  allow such a probate sale under court supervision for similarly situated white borrowers

16  who faced the same hardship circumstances.

17      14. The situation is made worse when it is considered that under forced sales

18  such as foreclosure sales prospective buyers are rarely able to conduct any on-site

19  inspection of the interior or exterior of the property beyond what they can observe from

20  outside the property boundaries. Unlike arms-length negotiations in fair market value

21  price sales, bidders at foreclosure sale auctions typically purchase the property "as is,

22  where is," and the foreclosing lender typically does not provide bidders any title report or

23  title insurance for the property. The fact that prospective buyers often lack sufficient

24  information needed for them to be fully informed about the property often results in

25  foreclosure buyers submitting low-ball offers. Moreover, property sold at a forced sale on

26  a particular date after being sparsely marketed for two to four weeks is often not exposed

27  to the market for a sufficient period of time to attract a sufficient number of prospective

28

EXHIBIT   A

1  purchasers. Such a truncated marketing time stands in sharp contrast to the typical

2  marketing time for property sold in the ordinary retail market for fair market prices. There,

3  property is normally listed on the market for several weeks or months, as it was here,

4  exposing the property "to more potential buyers, and thus to a higher probable price"

5  than property sold in the forced sale context.

6       15. Forced sales are poorly advertised, compounding these informational and

7  exposure problems. Compared with broker sponsored sales, like the instant case, the

8  advertising is done in a very perfunctory manner, usually in the legal notices column of a

9  newspaper. The manner of advertising is calculated not to attract bidders but to satisfy

10  formal requirements. Property to be sold at foreclosure need only be "described with

11  reasonable certainty, so as to enable prospective purchasers in the exercise of ordinary

12  diligence, to identify it." Thus, descriptions which fail to give the typical reader sufficient

13  information to know whether she is interested in the property are nevertheless legally

14  sufficient. Further, there are many foreclosure sale procedures that make it difficult for a

15  bidder without sufficient cash on hand to participate effectively in the bidding process.

16  For example, in foreclosure auctions, the winning bidder is required to make immediate

17  cash payment.

18       16. On or about October 25, 1010, as a result of the failure to pay the full principal

19  balance of the reverse mortgage with interest, FF recorded a Notice of Default which

20  was recorded with the San Francisco Recorder's Office, Instrument No.10-J069902

21  ("NOD"). **A true and correct copy of the notice is attached and marked Exhibit F.**

22  Pursuant to the provisions of the note and mortgage FF elected to accelerate the entire

23  unpaid balance and the loan thereby secured became due and payable. On January 27,

24  2011, FF recorded a Notice of Trustee's Sale with the San Francisco County Recorder's

25  Office, Instrument No. 2011-JI27195. **A true and correct copy of the notice is**

26  **attached and marked Exhibit G.** The date of the foreclosure sale was originally set for

27  February 22, 2011, and was continued to April 25, 2011.

EXHIBIT $\underline{A}$

PAGE $\underline{10}$

28

1  17. Meanwhile on February 8, 2011, petitioner sought and Judge Wiss granted a

2  temporary restraining order. **A true and correct copy is attached and marked Exhibit**

3  **H.** Judge Wiss granted a preliminary injunction March 1, 2011. **A true and correct copy**

4  **is attached and marked Exhibit I.** The permanent injunction trial was continued to April

5  15, 2011. However, at the trial Commissioner Kaplan denied petitioner an opportunity to

6  prove the foregoing facts, overruled Judge Wiss and dissolved the preliminary injunction

7  without prejudice to the instant action.

8  **III. FIRST CAUSE OF ACTION AGAINST ALL RESPONDENTS, AND DOES 1-5, FOR CONSPIRACY TO FORCE SELL JAMESTOWN THROUGH FORECLOSURE FOR**

9  **SUBSTANTIALLY LESS THAN ITS FAIR MARKET VALUE PRICE.**

10  18. Plaintiff incorporates by reference herein the allegations of the preceding

11  paragraphs. Petitioner is the duly appointed administratrix of the *Estate of Edith Johnson*

12  by order dated July 28, 2010. Petitioner as personal representative of the estate of her

13  mother has, as one of her responsiblities, the marshaling of all assets and property

14  interests of decedent. Probate Code section 9650, subdivision (a)(1) provides: "*The*

15  *personal representative has the right to, and shall take possession or control of, all the*

16  *property of the decedent to be administered in the decedent's estate* and shall collect all

17  debts due to the decedent or the estate." (Italics added.) Petitioner as personal

18  representative of decedent's estate has the discretionary power to sell estate real

19  property when a sale is either (a) "necessary to pay debts, devises, family allowance,

20  expenses of administration, or taxes," or (b) "to the advantage of the estate and in the

21  best interest" of persons within the estate. (Probate Code section 10000, subds. (a), (b)).

22  Here, a sale of Jamestown was "necessary to pay" the reverse mortgage debt, and "to

23  the advantage of the estate and in the best interest" of petitioner as sole beneficiary of

24  the estate. (§§10000, subds. (a), (b)). Therefore, if a sale is to the estate's advantage

25  and in the best interest of the heirs, the court need not also determine the sale is

26  "necessary" to pay debts, devises, or expenses. (*See Estate of Barthelmess* (1988) 198

27  
EXHIBIT A

28  PAGE 11

1  Cal.App.3d 728, 735-736 (Barthelmess).) Petitioner was thus mandated by statute to sell

2  the Jamestown property for its fair market price.

3      19. Plaintiff is informed and believes and alleges that respondents conspired to

4  deprive petitioner of her right to sell Jamestown under probate code supervision for a fair

5  value price as authorized by the probate code.[2] In furtherance of the conspiracy

6  respondents agreed to conduct a forced sale of Jamestown knowing the result would be

7  adverse economic impacts on decedent's estate and petitioner's inheritance.

8  Respondents knew that petitioner as an African American was among the persons or

9  group of people who are particularly vulnerable to losing the value of their property at a

10  foreclosure sale. Respondents knew forced sales of property in foreclosure owned by

11  low-to middle-class people, including low-to middle-class African Americans like

12  petitioner, could not be expected to yield a fair market value price and would result in

13  substantial loss to the estate and loss of petitioner's inheritance. Respondents

14  deliberately and intentionally ignored and failed to consider the economic impact of a

15  foreclosure sale upon the economically vulnerable petitioner (and decedent's estate)

16  notwithstanding knowledge that petitioner would obtain a fair value price if the property

17  was sold under the direction of the probate court. Respondents were motivated by racial

18  discrimination, malice and callous disregard of the inevitable adverse economic impact

19  upon petitioner and decedent's estate and notwithstanding that respondents would suffer

20  no prejudice if the property was sold in due course under probate court supervision.

21

22  **EXHIBIT** _A_
    **PAGE** _12_

23      [2] A conspiracy is not an independent cause of action, but is instead "a legal doctrine

24  that imposes liability on persons who, although not actually committing a tort themselves,
    share with the immediate tortfeasors a common plan or design in its perpetration."

25  *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal. 4th 503, 510-511
    (Applied Equipment).) Liability for civil conspiracy generally requires three elements: (1)

26  formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a
    conspiracy (commission of the wrongful acts); and (3) damage resulting from operation

27  of a conspiracy. (*Applied Equipment*, supra, 7 Cal. 4th at p. 511.) A civil conspiracy is
    therefore activated by the commission of an underlying wrongful act. (Ibid.)

28

20. Respondents knew that an alternative to foreclosure sale (i.e., sale under probate court supervision) would far more likely result in the preservation of the estate's wealth and petitioner's inheritance. Nevertheless, respondents motivated by a racially discriminatory animus and with malice deliberately forced a foreclosure sale to maximize the potential adverse economic impacts to both decedent's estate and petitioner its sole beneficiary.

21. In order to maximize the potential adverse economic impacts to both decedent's estate and petitioner its sole beneficiary, respondents engaged in the following acts:

A. On January 25, 2010, without any authorization or notice, and with a racially discriminatory animus and malice, respondent sent an inspector to the Jamestown property inquiring of petitioner and her daughter regarding their relationship to decedent, when they intended to vacate the premises and other personal information.

B. On March 29, 2010, without any authorization and with a racially discriminatory animus and malice, respondents demanded that petitioner produce documents including any power of attorney and "if you are refinancing, a copy of loan approval letter from new lender; if you are selling with a realtor, a copy of the listing agreement; when you accept an offer to sell, a copy of the sales contract; a copy of the death certificate; a copy of court appointment for executor or Personal Rep etc." Respondents further demanded that petitioner produce an appraisal, the name and number of someone who can grant access to the property and imposed an obligation to keep FF "informed of any developments."

C. On July 8, 2010, without any authorization and with a racially discriminatory animus and malice, FF issued a "Notice of Intent to Foreclose" and demanded that the "Default must be satisfied no later than 30 days from date of this letter."

22. Motivated by a racially discriminatory animus and with malice, respondents intentionally inflicted petitioner with severe emotional distress. Respondents used

EXHIBIT A
PAGE 3

1   deliberate deceitful acts to force petitioner to simply walk away from the Jamestown

2   property and the equity she could expect to realize as her inheritance but for respondents

3   forced sale of the property. Respondents intended to force petitioner in the shadow of

4   foreclosure to stand by while the property sold for a fraction of its fair market value at a

5   forced sale.

6   **IV. SECOND CAUSE OF ACTION AGAINST ALL RESPONDENTS FOR CONSPIRACY TO VIOLATE AND VIOLATION OF 42 U.S.C. § 1981.**

7   23. Petitioner incorporates by reference herein the allegations of the preceding

8   paragraphs. (1) petitioner is an African-American, a racial minority and a protected class;

9   (2) Petitioner as personal representative of the estate of her mother was responsible for

10   marshaling all assets and property interests of decedent under Probate Code section

11   9650, subdivision (a)(1) with power to sell estate real property under Probate Code

12   section 10000, subds. (a), (b)). Petitioner was thus mandated by statute to sell the

13   Jamestown property for its fair market price. Despite this statutory authorization

14   respondents conspired to deny petitioner the foregoing statutory rights and duties with

15   the intent to conduct a forced sale of the property. After respondents' acts designed and

16   intended to force a sale of the property, respondents continued to allow non

17   African-American property owners to sell secured real property by court supervision or

18   otherwise and pay the secured debt to respondents in due course and that option

19   remained available to similarly-situated individuals who were not members of petitioner's

20   protected class. Reverse mortgages are contracts for purposes of 42 U.S.C. §§ 1981.

21   24. Federal and state law and regulations govern how reverse mortgage loans

22   operate. (See Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122

23   Stat. 2654 (2008) (HERA) § 2122, codified at 12 U.S.C. § 1715z-1720.)[3] Petitioner's

25   [3] HERA was passed for the broad purpose of "[providing] needed housing reform and

26   for other purposes." At the time of its enactment, the Act was "the most significant piece

    of financial services legislation to be enacted since the Gramm-Leach-Bliley Act of

27   1999." It may have been eclipsed, however, by the Emergency Economic Stabilization

28   Act of 2008, which was enacted October 3, 2008. HERA has three main subparts, the

**EXHIBIT** A

PETITION TO RECOVER REAL PROPERTY    12   **PAGE** 14

decedent was also at all relevant times an "Elder" under the Elder Abuse Act (Welfare & Institutions Code section 15657, subd. (a), and 15657.3) and fully protected by the Elder Abuse And Dependent Adult Civil Protection Act from the institutional respondents' placing her in an inappropriate security instrument like the instant reverse mortgage.

25. Petitioner and decedent's estate were both economically injured and suffered actual damages by respondents forcing a sale of the secured property. As a direct and proximate result of the conduct alleged, petitioner suffered severe emotional distress based upon respondent's racially-motivated forced sale of the secured property and unreasonable refusal to allow petitioner to sell the secured property under probate court supervision. Petitioner suffered physical and emotional pain, trauma, turmoil, worry, embarrassment, anguish and anxiety, and become obligated to pay attorney's fees. Respondents' conduct was willful, fraudulent, malicious, oppressive, despicable and deceitful and done in reckless disregard of constitutional rights and with the specific intent of causing petitioner severe personal injury as well as adverse economic impacts to her beneficial interest in the estate and the estate's interest that forced sales of real property have upon minorities who are particularly vulnerable to losing their property at a forced sale.

Federal Housing Finance Regulatory Reform Act of 2008, the Foreclosure Prevention Act of 2008, and the Housing Assistance Tax Act of 2008. First, the Federal Housing Finance Regulatory Reform Act of 2008 created a new agency, the Federal Housing Finance Agency, and gave that agency authority over the Office of Finance, the Federal Home Loan Banks, Freddie Mac, and Fannie Mae. Fannie Mae and Freddie Mac were placed in government conservatorship in September, pursuant to HERA. The Act also increased the limits of the loans Freddie Mac and Fannie Mae can purchase to $417,000 for a single family residence, or up to a $ 625,000 limit in high-cost areas. Secondly, the Act includes the Foreclosure Prevention Act of 2008 that increased the FHA loan limit to 115% of the median area home price and is intended to help families prevent foreclosure and encourage the purchase of properties that have been foreclosed upon. The changes to the HECM program were enacted under this subpart of HERA. The following describes the changes to reverse mortgages brought about under the Foreclosure Prevention Act.

EXHIBIT A
PAGE 15

**V. THIRD CAUSE OF ACTION AGAINST ALL RESPONDENTS FOR CONSPIRACY TO VIOLATE AND VIOLATION OF 42 U.S.C. § 1981.**

26. Petitioner realleges the preceding paragraphs. (1) petitioner is an African-American, a racial minority; (2) petitioner was duly appointed administratrix of the *Estate of Edith Johnson* by order dated July 28, 2010, with the right and duty to administer decedent's estate including the secured property and was responsible for marshaling all assets and property interests of decedent under Probate Code section 9650, subdivision (a)(1) with power to sell estate real property under Probate Code section 10000, subds. (a), (b) for its fair market price; (3) despite this statutory authorization respondents conspired to deny petitioner the foregoing statutory rights and duties and conduct a forced sale of the property while continuing to allow non African-American property owners to sell the secured real property either by court supervision or otherwise and pay the secured debt to respondents in due course and that option remained available to similarly-situated individuals who were not members of petitioner's protected class; (4) respondents demonstrated a policy toward this African-American petitioner of forcing a sale of the secured property rather than allowing the property to be sold under probate court supervision free of adverse economic impacts from a forced sale; (5) respondents knew petitioner and decedent's estate would suffer irreparable injury from a forced sale of the security and knew petitioner had no economic means to payoff the secured debt and both petitioner and the estate would suffer irreparable injury if the property was sold at a forced sale; (6) respondents fully intended to evict petitioner and her daughter following the forced sale on racial animus and respondents purposefully discriminated on the basis of race which was the motivating factor behind respondents' discriminatory acts.

27. The foregoing conduct is unlawful under 42 U.S.C. §§ 1982 because it affects the ability of petitioner as a member of the protected class of African Americans to inherit, purchase, lease, sell, hold, or convey a home. Section 1982 also includes the right to "hold" and "sell" a home. A reverse mortgage is personal property under §§ 1982. Both

EXHIBIT

PAGE

1    petitioner and decedent's estate were accordingly economically injured and suffered

2    actual damages by adverse economic impacts from a forced sale of the security. As a

3    direct and proximate result of the conduct alleged, petitioner is suffering severe emotiona

4    distress intentionally inflicted by respondents and based upon respondents'

5    racially-motivated policies to foist adverse economic impacts through the forced sale of

6    property secured by reverse mortgages and unreasonable refusal to allow the sale of the

7    security in due course under probate court supervision. Petitioner suffered physical and

8    emotional pain, trauma, turmoil, worry, embarrassment, anguish and anxiety, and

9    became obligated to pay attorney's fees. Respondents' conduct was willful, fraudulent,

10    malicious, oppressive despicable and deceitful and done in reckless disregard of

11    constitutional and statutory rights and with the specific intent of causing petitioner severe

12    personal injury as well as adverse economic impacts to her beneficial interest in inheriting

13    and the estate and the estate's interest in avoiding a forced sale of real property.

14    **VI. FOURTH CAUSE OF ACTION AGAINST ALL RESPONDENTS FOR CONSPIRACY TO VIOLATE AND VIOLATION OF 42 U.S.C. § 3604.**

15    28. Petitioner realleges the preceding paragraphs. Section 3604(b) of the FHA

16    makes it unlawful "to discriminate against any person in the terms, conditions, or

17    privileges of sale or rental of a dwelling, or in the provision of services or facilities in

18    connection therewith, because of race, color, religion, sex, familial status, or national

19    origin." (§§ 3604(b).) Section 3614(a) of the FHA authorizes HUD to promulgate

20    regulations implementing the FHA. The HUD regulations make it unlawful to refuse to

21    permit a property owner to lawfully sell property "because of race, color, religion, sex,

22    handicap, familial status, or national origin". HUD regulations are considered to be a

23    reasonable interpretation of the statute and entitled to deference.

24    29. Respondents were racially motivated to discriminate against this African

25    American family in the forced sale of the reverse mortgage which restricts the ability of

26    petitioner to inherit, purchase, lease, sell, hold, and convey real and personal property for

27    purposes of §§ 1982 and affects the terms, conditions, and privileges of a sale or rental

28

**EXHIBIT**

PETITION TO RECOVER REAL PROPERTY    15    **PAGE**

1  of a dwelling for purposes of §§ 3604. Petitioner was thus injured by the adverse

2  economic impacts through the forced sale of property secured by the reverse mortgage

3  and respondents' unreasonable refusal to allow the sale of the security in due course

4  under probate court supervision.

5  **VII. FIFTH CAUSE OF ACTION AGAINST ALL RESPONDENTS FOR CONSPIRACY TO VIOLATE AND VIOLATION OF 42 U.S.C. § 1985.**

6       30. Petitioner realleges the preceding paragraphs. Respondents engaged in (1) a

7  conspiracy; (2) for the purposes of depriving petitioner and decedent's estate, either

8  directly or indirectly, of the equal protection of the laws, or of equal privileges and

9  immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby

10  petitioner and decedent's estate were injured in their person or property or deprived of

11  any right or privilege of a citizen of the United States. Petitioner and decedent's estate

12  were deprived of constitutional and statutory rights motivated by racial, class-based,

13  invidiously discriminatory animus behind the conspirators' action to deprive petitioner and

14  decedent's estate of "equal enjoyment of rights secured by law to all" and were thus

15  injured as set forth above.

16  **VIII. SIXTH CAUSE OF ACTION AGAINST ALL RESPONDENTS FOR CONSPIRACY TO VIOLATE AND VIOLATION OF CALIFORNIA CIVIL RIGHTS LAW.**

17

18       31. Petitioner realleges the preceding paragraphs. The California Constitution and

19  statutes provide effective remedies for the vindication of constitutionally recognized civil

20  rights, and to eliminate discriminatory practices on the basis of race, religious creed,

21  color, national origin, ancestry, physical handicap, medical condition, marital status, sex

22  and age. (See Cal. Const., art. I, §§ 8.) Section 51 of the California Civil Code (the Unruh

23  Civil Rights Act) provides that "all persons within the jurisdiction of this State are free and

24  equal, and no matter what their race, color, religion, ancestry, or national origin are

25  entitled to the full and equal accommodations, advantages, facilities, privileges, or

26  services in all business establishments of every kind whatsoever." (§§ 51, 52.1).

27

28



EXHIBIT ___

PAGE ___

32. Petitioner and decedent's estate are under the protection of the Unruh Civil Rights Act because they are seeking the services of respondents in the fair and unbiased administration of the instant reverse mortgage. The institutional respondents accommodate the public in many ways peripheral to the main function of providing mortgage financing. For example, the institutional respondents processes reverse mortgages and makes arrangements and works with borrowers to facilitate repayment of home loans. Respondents interfered with petitioner's right to realize a fair market value price on the sale of the security. However, respondents discriminated against the African American petitioner because of race. Respondents denied petitioner the "full and equal accommodations, advantages, privileges or services" of home financing.

**IX. SEVENTH CAUSE OF ACTION AGAINST ALL RESPONDENTS FOR CONSPIRACY TO INTERFERE AND INTERFERENCE WITH PETITIONER AND THE ESTATE'S PROSPECTIVE ECONOMIC ADVANTAGE.**

33. Petitioner realleges the preceding paragraphs. (1) There was an economic relationship between petitioner's decedent and the probability of future economic benefit to petitioner and decedent's estate; (2) all respondents knew of the relationship; (3) all respondents intentionally acted to disrupt the relationship; (4) there was an actual disruption of the relationship; and (5) economic harm was proximately caused by the acts of respondent. All respondents conspired to deprive petitioner of the constitutionally protected property interest in her inheritance and the interest in pursuing home ownership by the acquisition of another home.

**WHEREFORE, petitioner prays for:**

A. Actual damages against all respondents according to proof not less than $500,000;

B. Exemplary damages against all respondents jointly and severally according to proof;

C. Preliminary and permanent injunctive relief against all respondents as follows:



**EXHIBIT** _A_
**PAGE** _19_

1. That the Court **DIRECT** that Petitioner safeguard the estate's only asset at 1200 Jamestown Avenue, San Francisco, CA 94124 (the property) even though it is in foreclosure, and preliminarily and permanently **ENJOIN** and **RESTRAIN** Respondent MTC FINANCIAL, INC., dba TRUSTEE CORPS, and FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, a subsidiary of INDYMAC BANK, FSB, and all persons acting in concert with them, their principals, agents and successors in interest from foreclosing or attempting to foreclose under deed of trust, or selling at trustee's sale, encumbering, conveying or otherwise encumbering, conveying, selling or attempting to sell the property, or from levying upon, or evicting any occupant of the property, or otherwise taking possession of the property;

2. That the Court **ALLOW** petitioner on behalf of the estate to sell the property subject to court confirmation on any offer to purchase the estate's interest in the subject property for any amount bid and overbids.

D. Attorney's fees and expenses under 42 U.S.C. Sec. 1988 and the Unruh Civil Rights Act authorizing the prevailing plaintiff to seek recovery of attorney fees. (See Civ. Code section 52, subd. (a).)

E. Costs and such other and further relief as justice requires.

Dated: April 21, 2011                          COTTER & DEL CARLO
                                               DAVID R. OLICK

                                               By: Richard A. Canatella

EXHIBIT  *A*
PAGE  20

1                                     VERIFICATION

2     I, JOSIENA BROWN, declare:

3        In my capacity individually as administratrix and as a prospective heir, and as a

4   petitioner in the probate department of the Superior Court of San Francisco County,

5   state:

6        I have read the foregoing PETITION FOR DAMAGES AND PROSPECTIVE

7   RELIEF WITH EXHIBITS and know the contents thereof. The same is true of my own

8   knowledge except as to matters stated therein upon information and belief, and as to

9   those matters I believe it to be true.

10      I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct, and that this verification was executed on April 21, 2011.

12

13                                 JOSIENA BROWN

14

15

16

17

18

19

20

21

22

23

24

25

26                             **EXHIBIT** A

27                             **PAGE** 21

28

RECORDING REQUESTED BY

Title Insurance and Trust Company

BOOK B749 PAGE 2

AND WHEN RECORDED MAIL TO

Name  EDITH JOHNSON
Street Address  1200 JAMESTOWN AVENUE
City & State  SAN FRANCISCO, CALIFORNIA

TITLE INSURANCE & TRUST CO

RECORDING FEE $3.00

1973 APR -9 AM 9:30

SAN FRANCISCO, CALIF.
MARTIN-MONGAN
RECORDER

V67200

SPACE ABOVE THIS LINE FOR RECORDER'S USE

MAIL TAX STATEMENT TO

Name
Street Address  SAME AS ABOVE
City & State

DOCUMENTARY TRANSFER TAX $ 29.5
☒ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED,
☐ COMPUTED ON FULL VALUE LESS LIENS & ENCUMBRAN
REMAINING THEREON AT TIME OF SALE.
_____ Title Insurance and Trust Con
Signature of declarant or agent determining tax — firm n

## Grant Deed

D.T.T. $

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

TO 405 CA (9-68).

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

STELLA BUFALINI, A WIDOW

hereby GRANT(S) to

AN UNMARRIED WOMAN
EDITH JOHNSON, XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

the following described real property in the CITY AND
County of SAN FRANCISCO State of California:

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHWESTERLY LINE OF KEITH
STREET AND THE NORTHEASTERLY LINE OF JAMESTOWN AVENUE; THENCE RUNNING NORTH-
WESTERLY ALONG SAID LINE OF JAMESTOWN AVENUE 27 FEET AND 1 INCH; THENCE AT A
RIGHT ANGLE NORTHEASTERLY TO THE SOUTHWESTERLY LINE OF SALINAS AVENUE; THENCE
SOUTHEASTERLY ALONG SAID LINE OF SALINAS AVENUE TO THE NORTHWESTERLY LINE OF
KEITH STREET; THENCE SOUTHEASTERLY SOUTHERLY AND SOUTHWESTERLY ALONG A CURVE
TO THE RIGHT WHOSE TANGENT DEFLECTS 90° TO THE RIGHT FROM THE PRECEDING COURSE
WITH A RADIUS OF 9 FEET, CENTRAL ANGLE OF 90°, A DISTANCE OF 14.14 FEET; THENCE
SOUTHWESTERLY ALONG A LINE PARALLEL TO AND PERPENDICULARLY DISTANT 9 FEET
EASTERLY FROM THE FORMER WESTERLY LINE OF KEITH STREET, A DISTANCE OF 38.917
FEET; THENCE SOUTHWESTERLY AND WESTERLY ALONG A CURVE TO THE RIGHT TANGENT TO
THE PRECEDING COURSE WITH A RADIUS OF 9 FEET, CENTRAL ANGLE OF 90° A DISTANCE O
14.14 FEET TO THE POINT OF BEGINNING.
BEING A PORTION OF FRACTIONAL BLOCK NO. 49 OF THE PAUL TRACT HOMESTEAD
ASSOCIATION AND A PORTION OF KEITH STREET VACATED.

Dated  April 1, 1973

Stella Bufalini
Stella Bufalin

STATE OF CALIFORNIA
COUNTY OF SAN MATEO  } SS.
On  April 6, 1973  before me, the under-
signed, a Notary Public in and for said State, personally appeared
STELLA BUFALINI

_____ known to me
to be the person whose name is subscribed to the within
instrument and acknowledged that she executed the same.
WITNESS my hand and official seal.

Signature  Denise Current

DENISE CURRENT
Name (Typed or Printed)

OFFICIAL SEAL
DENISE CURRENT
NOTARY PUBLIC-CALIFORNIA
Principal Office in SAN MATEO County
My Commission Expires Jan. 7, 1977

(This area for official notarial seal)

EXHIBIT A

PAGE 22

Title Order No. SF 829657-RN  Escrow or Loan No.



THE REVERSE MORTGAGE SPECIALIST®

Financial Freedom Acquisition LLC
PO Box 85400
Austin, TX 78708
Telephone: 800-441-4428
FAX : 866-447-2022

January 25, 2010

To the Estate of Edith  Johnson

1200 Jamestown Ave
San Francisco, CA 94124

> Re: Borrower: Johnson, Edith
> Property Address: 1200 Jamestown Avenue San Francisco CA 94124
> FHA Case No: 427914884 Investor No:  6000157199 FF#  7039355
> Home Equity Conversion Mortgage

## Home Equity Conversion Mortgage Repayment Notice

To the Estate of Edith  Johnson

We are saddened to have recently learned of the passing of Edith  Johnson and wish to convey our deepest sympathy to you and all family and friends.

As you may be aware, Edith  Johnson obtained a reverse mortgage secured by the above-referenced property and serviced by Financial Freedom. Unlike traditional forward mortgages, reverse mortgages permit seniors to tap the equity they have built up over the years in their home without requiring monthly mortgage payments to satisfy the loan obligation. Upon the occurrence of a maturity event, of which the borrower's passing is one, the loan becomes due and payable. As we notify you now that the above referenced loan is due and payable, we are hopeful that our services have been true to our mission and have enhanced the financial security and independence of Edith  Johnson.

Since the above-referenced loan is a Home Equity Conversion Mortgage sponsored by the Federal Housing Administration ("FHA"), we are responsible as the loan servicer to meet certain guidelines promulgated by the United States Department of Housing and Urban Development ("HUD"). Among those guidelines, HUD requires us to communicate with you about making arrangements to repay the loan within 30 days following our receipt of notice that a maturity event has occurred. It is important that you understand that this does not necessarily mean that you must tender full repayment proceeds within this 30 day period, but simply that you are responsible within this time period to advise us whether you intend to payoff the loan (whether by refinancing, use of other estate proceeds or by sale of the property), when you expect to be able to tender the payoff proceeds and what steps you will be taking to accomplish repayment. If you do not communicate with us in a timely manner concerning these matters, HUD mandates that we initiate foreclosure proceedings within six months after declaring the loan due and payable. Therefore, we ask that you complete the enclosed "Proposed Loan Repayment Schedule" and return it to us within 30 days in the enclosed envelope. This form details your plans for paying off the loan. In the meantime, it is imperative that you contact our office as soon as possible so that we may arrange any necessary extensions of time from HUD. As part of this process, you may be contacted by an FHA-approved appraiser to schedule an appointment to perform an appraisal of the above-referenced property.

EXHIBIT $A$
PAGE 23



Financial Freedom Acquisition LLC
PO Box 85400
Austin, TX 78708
Telephone: 800-441-4428
FAX: 866-447-2022

### REPAYMENT NOTICE
### HOME EQUITY CONVERSION MORTGAGE

The U.S. Department of Housing and Urban Development requires that we provide you with the following information that applies to repayment of your Home Equity Conversion Mortgage (HECM). Please read it carefully.

As detailed in Paragraph 9 of the security instrument, a HECM is automatically due and payable when all mortgagors have died or cease to occupy the property as their principal residence, when all mortgagors have sold or conveyed title to the property, or when the loan is in default. You are receiving this notice because one or more of the foregoing events has occurred.

* The debt must be paid in full; or good marketable title to the property must be deeded to the investor.

* If the borrower (or the borrower's estate) believes the value of the property is less than the outstanding balance, at the borrower's request and expense, the servicer will arrange for an appraisal, and the debt may be satisfied by paying 95 percent of the appraised value.

* The mortgage will be released and no deficiency judgment will be taken if the property has no junior liens and is sold for at least 95 percent of the appraised value with the net proceeds paid to the investor, even if the debt is greater than the appraised value.

* The mortgagee shall commence foreclosure of the mortgage within six (6) months of giving notice to the mortgagor that the mortgage is due and payable, or six (6) months from the date of the mortgagor's death if applicable, or within such additional time as may be approved by the Secretary.

* If the loan is in default, the borrower can resolve the default through a cure of the condition creating the default, such as reoccupying the subject property, proof of adequate insurance, or payment of taxes or assessments.

**EXHIBIT** _A_
**PAGE** _24_

Josiena Brown                                          4156563268                    p.3

## IMPORTANT INFORMATION – PLEASE READ FIRST

You are being provided this notice because of a search of the public record or from information provided by our client.

To obtain a payoff / reinstatement or to cure the default you will need to contact our office. In order to assist you please use the contact information noted below.

**Contact information**

| | |
|---|---|
| **Email requests:** | support@trusteecorps.com |
| **Facsimile requests:** | (949) 252-8330 |
| **Written requests:** | Trustee Corps (Foreclosure Department) |
| | 17100 Gillette Avenue |
| | Irvine, Ca 92614 |

**On all request**

| | |
|---|---|
| **Please include:** | The information you're Requesting |
| | Your Name |
| | Your Mailing Address |
| | Your Phone Number |
| | Your Loan Number |
| | Our File Number |
| | Your relationship to the property in foreclosure |
| | (Example: property owner, junior lien holder, escrow |
| | company, etc.) |

Please make your request as soon as possible.
Information will be made available only to those authorized to obtain the information.

In compliance with the Fair Debt Collection Practices Act, the enclosed notice(s) is(are) being provided. We are attempting to collect a debt and any information we obtain will be used for that purpose. The debt being collected is assumed to be valid unless debtor disputes within 30 days. If disputed, debt collector will obtained and furnish to debtor verification of the debt. If written request is made within 30 days by debtor, the name of the original lender will be given if different than current. The amount of the debt is contained on the enclosed notice. The name of the creditor is contained on the enclosed notice.
To obtain this information please contact: TRUSTEE CORPS, 17100 Gillette Avenue, Irvine, Ca 92614.
With your request please include: Your name, Your Mailing Address, Your Phone Number, Your Loan number, and Our File Number. If you should have any questions, please feel free to contact our office during our normal business hours of 8:00 am to 5:00 pm Pacific Time. Our phone number is 949-252-8300.

EXHIBIT _A_
PAGE _25_

## Proposed HECM Loan Repayment Schedule

**Borrower Name: Johnson, Edith**
**Investor No: 6000157199**
**Property Address: 1200 Jamestown Avenue San Francisco CA 94124**

How will the loan be repaid?

☐     From proceeds of the sale of the property.

☐     From personal funds.

☐     Other sources, such as refinance. Please describe: _____

| | | | | |
|---|---|---|---|---|
| Is the property currently vacant? | ☐ | Yes | ☐ | No |
| Is the property currently listed for sale? | ☐ | Yes | ☐ | No |

If so, please include a copy of the listing agreement and complete the following:

Listing agent: _____

Telephone number: _____

If the loan is payable due to death of all borrowers, please provide a copy of the death certificate.

Has an Executor been appointed?     ☐     Yes     ☐     No

Executor's name: _____     Phone: _____

If executor appointed by court, please provide letters of appointment.

If you require assistance from Financial Freedom in arranging for disposition of the property, please explain. _____

_____

Completed by: _____     Date: _____

Please print name and address: _____

_____

Telephone:_____     _____

**EXHIBIT** *A*
**PAGE** *26*



**Financial
Freedom**
THE REVERSE MORTGAGE SPECIALISTS

March 29, 2010

Estate of Edith Johnson
1200 Jamestown Avenue
San Francisco, CA 94124

Re: Financial Freedom Loan: 7039355

Financial Freedom, as the servicer of your reverse mortgage loan, is required
under the terms of the Fair Debt Collection Practices Act to inform you of
the following:

The amount of the debt: $ 295335.9

The owner of this loan is: Fannie Mae

It will be assumed this is a valid debt unless you, within thirty days of the
date of receipt of this letter, dispute the validity of the debt, or any portion of
it.

If you notify Financial Freedom in writing within thirty days of receipt of
this letter that you dispute this debt, or any portion thereof, you will be sent
verification of the debt.

Finally, if you send a written request, within thirty days of receipt of this
letter, for the name and address of the original owner of the loan Financial
Freedom will provide that information to you if the original owner
information is different that the current owner of the loan.

Please verify the address to which any requested information should be sent
if it differs from the address to which this letter has been sent.

If you have any questions please feel free to contact us at (800) 441-4428.

**EXHIBIT** _A_
**PAGE** _27_

Please be advised that in addition to the Loan Repayment Schedule, we ask that you forward the documents listed below. Our receipt of these documents will allow us to assist you through this process.

Note that the applicability of the documents listed varies based on the reason for the loan being "matured" and all documents listed will not be applicable to your situation.

1) A copy of the Power of Attorney or Guardianship document.
2) If you are planning to refinance, a copy of loan approval letter from your new lender.
3) If you are selling the home with a realtor, a copy of the listing agreement.
4) If you are selling the home yourself, please provide proof of those attempts.
5) When you accept an offer to sell the property, provide a copy of the sales contract.
6) A copy of death certificate.
7) A copy of court appointment for Executor or Personal Representative OR a copy of Borrower's Trust appointing Successor Trustee.
8) We are also required to obtain an appraisal. Please provide contact information (name and telephone of someone who can grant access to the property). Please keep Financial Freedom informed of any developments.

For your convenience below is the contact information for the maturities administrator assigned to this case. Please fee free to contact us if you have any questions or concerns.

Name *Elaine Behm*
Direct:512-506-2708
Email: Elaine.behm@owb.com
Fax: 866-426-5188
Mailing Address: 2900 Esperanza Crossing
Austin, TX 78758

EXHIBIT  A
PAGE  28



THE REVERSE MORTGAGE SPECIALIST►

Financial Freedom Acquisition LLC
PO Box 85400

Austin, TX 78708
Telephone: 800-441-4428
FAX: 866-447-2022

CERTIFIED MAIL
70100290000141848285

July 08, 2010

To the Estate of Johnson, Edith
1200 Jamestown Ave
San Francisco, CA 94124

> **Re: Borrower: Edith Johnson**
> **Property Address: 1200 Jamestown Avenue San Francisco CA 94124**
> **FF Loan No: 7039355**
> **FHA Case No: 427914884 Investor No: 6000157199**
> **Notice of Intent to Foreclose**

To the Estate of Johnson, Edith

Please let this letter serve as our Notice of Intent to Foreclose. As you have been previously notified by our Notice of Repayment letter dated January 25, 2010, arrangements to satisfy the loan obligation have not been made. This has resulted in a default of the loan terms.

This default must be satisfied no later than 30 days from the date of this letter. If the delinquency is not cured, Financial Freedom Acquisition LLC will be forced to initiate a foreclosure action.

You have the right to satisfy this indebtedness once the foreclosure proceedings are initiated. Foreclosure costs, customary attorney's fees and expenses associated with the foreclosure will be added to the payoff amount

You may contact me directly at 800-441-4428

Sincerely,

Terrence Collins
Maturities Administrator

This company is a debt collector and any information obtained will be used for that purpose. However, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or your debt has been discharged pursuant to the bankruptcy laws of the United States, this communication is intended solely for informational purposes.

EXHIBIT *A*
PAGE *29*



# DISCLOSURE REGARDING
# REAL ESTATE AGENCY RELATIONSHIP
(Listing Firm to Seller)
(As required by the Civil Code)
(C.A.R. Form AD, Revised 11/09)

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

## SELLER'S AGENT

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## BUYER'S AGENT

A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.
An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## AGENT REPRESENTING BOTH SELLER AND BUYER

A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.
In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
   (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
   (b) Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.
The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.
Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction.
This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully.
I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).

☐ Buyer ☒ Seller ☐ Landlord ☐ Tenant _M/s/ //_ _AS ADMINISTRATOR OF EDITH JOHNSON_ _ESTATE_ Date _3|28|2010_

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____ Date _____

Agent _PACIFIC UNION INTERNATIONAL, INC._ DRE Lic. # _____
             Real Estate Broker (Firm)
By _____ DRE Lic. # _0126 1801_ Date _07|28|10_
   (Salesperson or Broker-Associate)

---

AGENCY DISCLOSURE COMPLIANCE (Civil Code §2079.14):
• When the listing brokerage company also represents Buyer/Tenant: The Listing Agent shall have one AD form signed by Seller/Landlord and a different AD form signed by Buyer/Tenant.
• When Seller/Landlord and Buyer/Tenant are represented by different brokerage companies: (i) the Listing Agent shall have one AD form signed by Seller/Landlord and (ii) the Buyer's/Tenant's Agent shall have one AD form signed by Buyer/Tenant and either that same or a different AD form presented to Seller/Landlord for signature prior to presentation of the offer. If the same form is used, Seller may sign here:

_____ _____ _____ _____
Seller/Landlord        Date           Seller/Landlord         Date

---

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**EXHIBIT** _A_
**PAGE** _30_

Reviewed by _____ Date _____

AD REVISED 11/09 (PAGE 1 OF 2)



## DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)

| Agent: Pacific Union | Phone: 415 447-6200 | Fax: 415 447-6201 | Prepared using WINForms® software |
| --- | --- | --- | --- |

Broker: Pacific Union International Inc. One Letterman Drive, Bldg C, Suite 400, San Francisco CA 94129

## CIVIL CODE SECTIONS 2079.13 THROUGH 2079.24 (2079.16 APPEARS ON THE FRONT)

2079.13 As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings: (a) "Agent" means a person acting under provisions of title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. (b) "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee. The agent in the real property transaction bears responsibility for his or her associate licensees who perform as agents of the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions. (c) "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee. (d) "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction. (e) "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer. (f) "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation. (g) "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent. (h) "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. (i) "Offer to purchase" means a written contract executed by a buyer acting through a selling agent which becomes the contract for the sale of the real property upon acceptance by the seller. (j) "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property which constitutes or is improved with one to four dwelling units, any leasehold in this type of property exceeding one year's duration, and mobile homes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. (k) "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase. (l) "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. (m) "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor. (n) "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller. (o) "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.

2079.14 Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgement of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows: (a) The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. (b) The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the selling agent previously provided the seller with a copy of the disclosure form pursuant to subdivision (a). (c) Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgement of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgement of receipt is required. (d) The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.

2079.15 In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.

2079.16 Reproduced on Page 1 of this AD form.

2079.17 (a) As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. (b) As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller.
(c) The confirmation required by subdivisions (a) and (b) shall be in the following form.

| ░░░░░ (DO NOT COMPLETE. SAMPLE ONLY.) ░░░░░ is the agent of (check one): ☐ the seller exclusively; or ☐ both the buyer and seller. |
| (Name of Listing Agent) |

| ░░░░░ (DO NOT COMPLETE. SAMPLE ONLY.) ░░░░░ is the agent of (check one): ☐ the buyer exclusively; or ☐ the seller exclusively; or |
| (Name of Selling Agent if not the same as the Listing Agent) | ☐ both the buyer and seller. |

(d) The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14.

2079.18 No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.

2079.19 The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

2079.20 Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

2079.21 A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the seller that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer. This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

2079.22 Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.

2079.23 A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

2079.24 Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

**EXHIBIT** A

Buyer's/Tenant's Initials ( ____ ) ( ____ )
Seller's/Landlord Initials ( ____ ) ( ____ )

AD REVISED 11/09 (PAGE 2 OF 2)   **PAGE** 3

| Reviewed by | Date |

DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)

**CALIFORNIA ASSOCIATION OF REALTORS®**

**PROBATE LISTING AGREEMENT**
Under Authority of the Probate Code
(C.A.R. Form PL, Revised 4/06)

1. **EXCLUSIVE RIGHT TO SELL:** Josiena Brown as Administrator ("Seller"), the court-appointed representative of the ☒ estate ☐ conservatorship or ☐ guardianship identified by Superior Court case name as Edith Johnson,
Case # PES 10·293632
hereby employs and grants PACIFIC UNION INTERNATIONAL, INC. ("Broker") the exclusive and irrevocable right, commencing on (date) 07·28·2010 and expiring at 11:59 P.M. on (date) 10·28·2010 ("Listing Period") (not to exceed 90 days), to sell or exchange the real property in the City of AND , County of SAN FRANCISCO , California, described as follows: 1200 JAMESTOWN AVENUE
SAN FRANCISCO, CA 94124 ("Property").

2. **COURT CONFIRMATION** of any sale ☒ is required (limited authority) ☐ may not be required (full authority).

3. **TERMS OF SALE:**
   A. **LIST PRICE:** The listing price shall be TBD Prior to listing in MLS
   _____ ($_____).
   B. **PERSONAL PROPERTY:** The following items of personal property are included in the above price: _____
   _____
   _____
   C. **ADDITIONAL TERMS:** _____
   _____

4. **MULTIPLE LISTING SERVICE:** Information about this listing ☒ will ☐ will not be provided to a multiple listing service ("MLS") of Broker's selection and all terms of the transaction will be provided to the MLS for publication, dissemination and use by persons and entities on terms approved by the MLS. Seller authorizes Broker to comply with all applicable MLS rules.

5. **TITLE:** Seller warrants that title to the Property is as follows: _____

6. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker. (Local court rules may establish maximum permissible amounts.)**
   A. Seller agrees to pay to Broker from the proceeds of the sale, as compensation for services, irrespective of agency relationships, and subject to California Probate Code, or an amount determined by the court, either ☒ 6 percent of the sales price OR ☐ $_____, AND _____ if during the Listing Period, or any extension, Broker, cooperating broker, Seller, or any other person, produces a buyer who purchases the Property on the above price and terms or any other terms and conditions acceptable to Seller, Broker is entitled to compensation (whether any escrow resulting from such offer closes during or after the expiration of the Listing Period.)
   B. Broker is authorized to cooperate with other brokers and divide with other brokers the above compensation in any manner acceptable to Broker, or as allowed or determined by the Court.
   C. Seller warrants that Seller has no obligation to pay compensation to any other Broker regarding the transfer of the Property except: _____.
   If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (a) Broker is not entitled to compensation under this Agreement; and (b) Broker is not obligated to represent Seller with respect to such transaction.

7. **BROKER'S AND SELLER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement and is authorized to advertise and market the Property in any medium selected by Broker. Seller agrees to consider offers presented by Broker and to act in good faith toward accomplishing the sale of the Property. Seller further agrees, regardless of responsibility, to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney fees arising from any incorrect information supplied by Seller, whether contained in any document, omitted therefrom or otherwise, or from any material facts which Seller knows but fails to disclose.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1994-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

**EXHIBIT** A
**PAGE** 33
Seller acknowledges receipt of a copy of this page.
Seller's Initials (_____)(_____)
Reviewed by _____ Date _____

PL REVISED 4/06 (PAGE 1 OF 2) Print Date BDC Jul 06

BROKER'S COPY

Property Address: _1200   Jamestown   1200 Ave_____ Date: _07|28|2010_

8. **AGENCY RELATIONSHIPS:** Broker shall act as the agent for Seller in any resulting transaction. Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and such Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the expiration of this Agreement.

9. **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf a deposit to be applied toward the sales price.

10. **LOCKBOX:**
    A. A lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives and accompanied prospective buyers.
    B. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are **not** insurers against theft, loss, vandalism or damage attributed to the use of a lockbox. Seller is advised to verify the existence of, or obtain, appropriate insurance through Seller's own insurance broker.
    C. (If checked:) ☐ Seller authorizes Broker to install a lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a lockbox.

11. **SIGN:** (If checked:) ☒ Seller authorizes Broker to install a FOR SALE/SOLD sign on the Property.

12. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

13. **ADDITIONAL TERMS:** _____
    _____
    _____
    _____

14. **ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

Seller warrants that Seller has the authority to execute this Agreement.
Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.

Date _07|28|2010_____ at, California _____
By _____
Court-Appointed Representative(s) of _Estate   of   Edith   Johnson_
Address _1200 Jamestoun Ave._ City _San Francisco_ State _CA_ Zip _94124_
Telephone _415(707) 580-_ Fax _____ E-mail _josieabrown@yahoo._
         _9031 or 415·656·3268_                                     _com_

Date _____ at, California _____
By _____
Court-Appointed Representative(s) of _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Firm) _Pacific Union International_ DRE Lic. # _____
By (Agent) _____ DRE Lic. # _0126)801_ Date _07|28|2010_
Address _1 Letterman Dr Bldg. C #300_ City _S.F._ State _CA_ Zip _94129_
Telephone _415·345·3038_ Fax _415·929·0427_ E-mail _ccontreras@pacunion.c_

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

SURE TRAC
The System for Success®

**EXHIBIT** _A_
**PAGE** _33_ Reviewed by _____ Date _____

PL REVISED 4/06 (PAGE 2 OF 2)



**CALIFORNIA ASSOCIATION OF REALTORS®**

**PROBATE ADVISORY**
**For Probate, Conservatorship and Guardianship Properties**
(C.A.R. Form PAL, Revised 10/99)

The sale of the Property described as (address) __1200   JAMESTOWN   AVE.__
pursuant to the attached Probate Listing Agreement (C.A.R. Form PL) is made under authority of the California Probate Code. The Seller is not the title owner, but instead is a representative of a probate estate, a guardianship or a conservatorship. The sale may require a court order. Many obligations imposed upon sellers, particularly sellers of real property containing one-to-four dwelling units, may not be applicable to the sale of this property. However, even though the seller is exempt from many obligations, the seller must still comply with many others. Further, any real estate licensee representing Buyer or Seller in the transaction may have duties independent of the principals. This Advisory is intended to inform Buyer and Seller of their rights and obligations independent of those established by the attached agreement.

**EXEMPTIONS:**
1. **TDS, NHD, Mello-Roos:** Seller is _exempt_ from providing Buyer with the Real Estate Transfer Disclosure Statement (TDS), Natural Hazard Disclosure Statement (NHD), and a Mello-Roos district lien disclosure, pursuant to California Civil Code either for "transfers pursuant to court order" or for "transfers by a fiduciary in the course of the administration of a decedent's estate, guardianship, conservatorship, or trust."

2. **Earthquake Guides:** Seller is _exempt_ from providing either a Homeowner's or Commercial Property Owner's Guide to Earthquake Safety.

3. **Smoke Detectors:** The sale is _exempt_ from the State requirements that, for _single family residences_, operable smoke detectors be in place and that a written statement of compliance be provided to Buyer.

**REQUIREMENTS:**
1. **Disclosures:** Seller is _not exempt_ from common law and statutory duties concerning fraud and deceit, even though the specific TDS form is not required to be completed. Seller remains obligated to disclose known material facts affecting the value and desirability of the property.

2. **Hazard Zones:** Seller is _not exempt_ from applicable statutory obligations to disclose earthquake fault zones, seismic hazard zones, state fire responsibility areas, very high fire hazard severity zones, special flood hazard areas and flood hazard zones pursuant to the Public Resources Code, Government Code and United States Code, even though, pursuant to the Civil Code, the specific NHD form is not required to be completed.

3. **Water Heaters:** The sale is _not exempt_ from the State requirement that water heaters be properly anchored, braced or strapped.

4. **Lead-based Paint:** The Seller is _not exempt_ from the federal obligation to **(i)** disclose known lead-based paint and lead-based paint hazards, **(ii)** provide Buyer copies of reports or studies covering lead-based paint and hazards on the property, **(iii)** provide Buyer with the pamphlet "Protect Your Family From Lead In Your Home," and **(iv)** give Buyer a 10-day opportunity to inspect for lead-based paint and hazards, if the Property contains residential dwelling units and was constructed prior to 1978.

5. **Data Base Disclosure:** The sale is _not exempt_ from the requirement that residential sales contracts contain a notice regarding the availability of information about registered sex offenders.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1999, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

PAL REVISED 10/99 (PAGE 1 OF 2)

EXHIBIT ___A___
PAGE ___34___

Seller's Initials (_____)(_____)
Reviewed by _____ Date _____



Property Address: _____ /_____     Date: _____

**6. Tax Withholding:** The sale is <u>not exempt</u> from the obligation of the buyer to withhold a portion of the purchase price under federal law if the transferor is a "foreign person" or under state law if the transferor had a last known street address outside of California. **Federal:** For federal purposes, non-resident alien includes a fiduciary. An administrator or executor of an estate is treated as a non-resident even if all beneficiaries are citizens or residents of the United States. **State:** If the decedent was a California resident at the time of death, the estate is treated as a California resident regardless of the residency of the executor or administrator.

**7. Brokers:**

    **A.** Inspection: The sale is <u>not exempt</u> from the Broker's obligation to conduct a reasonably competent and diligent visual inspection of the accessible areas of the property and disclose to Buyer material facts revealed by such an inspection in the sale of residential property containing one-to-four dwelling units. Brokers may do so on C.A.R. Form AID.

    **B.** Agency: The sale is <u>not exempt</u> from the obligation to provide agency relationship disclosure and confirmation forms in the sale of residential property containing one-to-four dwelling units.

## OTHER CONSIDERATIONS:

**1. Local Law:** Local law may impose obligations on the transfer of real property (such as the installation of low flow toilets or shower heads, or installation of smoke detectors). Local law should be consulted to determine if sales made under the authority of the California Probate Code are exempt from such requirements.

**2. Death:** If the Property is being sold under authority of the Probate Code because of the death of an owner of the Property and if Buyer has concerns about the manner, location or details of the death, then Buyer should direct any specific questions to the executor or administrator of the estate.

**3. Stock Cooperatives:** If the Property is part of a stock cooperative (Co-op), Buyer may be required to seek approval of the Board or Owner's Association of the Co-op prior to transfer of title. If this is not a contingency of the sale, failure of Buyer to gain approval of the Co-op board will not provide grounds for cancellation or rescission of the sale.

**4. Court Confirmation/Independent Authority:**

The representative of a decedent's estate may receive authority to sell the Property under the Independent Administration of Estates Act (IAEA). In order to do so, the representative must first petition the Probate Court. The Petition may be made at the time the representative is approved or any other time. Notice of the Petition is given to heirs, devisees, executors and other interested persons, any of whom may object.

If IAEA authority is granted it may be full or limited. If only limited authority has been granted, the sale must be confirmed by the court. If full authority has been granted, the representative must first give a notice of the proposed sale to the devisees and heirs of the decedent and other interested parties. If no objection is received, the sale may proceed. If any noticed person objects, the sale may require court confirmation. Note: A representative with full authority has the option of proceeding to court for confirmation even if not required to do so under the Probate Code.

Date _____07/28/2010_____      Date _____

Seller _____      Seller _____

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

SURE | TRA | The System for Success

**EXHIBIT** A

**PAGE** 35   Reviewed by _____ Date _____

**PAL REVISED 10/99 (PAGE 2 OF 2)**



BROKER'S COPY



**CALIFORNIA ASSOCIATION OF REALTORS ®**

**MODIFICATION OF TERMS
AUTHORIZATION AND RIGHT TO SELL,
ACQUIRE OR RENT**
(C.A.R. Form MT, Revised 4/08)

The Listing Agreement (or, if checked, ☐ Buyer Representation Agreement,) dated _07/28/2010_,

between _PACIFIC UNION International_ ("Broker") and

_Josiena Brown as Administrator of Edith Johnson Estate_ ("Principal"), regarding the real property,

manufactured home or business described as _1200 JAMESTOWN Avenue_

is modified as follows:

**PRICE:** The listing price, price range, lease or rental amount shall be changed to:

_Three hundred ~~fifty~~ nine thousand_ Dollars ($ _359,000_ )

**EXPIRATION DATE:** The expiration date is changed to: _12/02/2011_.

**OTHER:** _____

_____

_____

_____

_____

All other terms of the Listing Agreement or Buyer Representation Agreement, as applicable, remain in full force and effect, except as modified herein.

I acknowledge that I have read, understand and have received a copy of this Modification of Terms.

Date _08/31/2010_ at _San Francisco_, California

Principal _____

Principal _____

Broker _PACIFIC UNION International_ By _____ Date _____
(Firm)                                    (Agent)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2008 CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.



Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**EXHIBIT** _A_
**PAGE** _36_

MT REVISED 4/08 (PAGE 1 OF 1) Print Date BD Mar 09

Reviewed by _____ Date _____



Josiena Brown

4156563268     p.1

APN: 5468-004

Recording Requested By
LSI Title Company
and When Recorded Mail to:

MTC FINANCIAL Inc., dba Trustee Corps
17100 Gillette Ave
Irvine, CA 92614

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDING FEE: __$14.00_____

RECORDED ON: __October 25, 2010_____

AS DOCUMENT NO: __10-J069902_____

BY: __s/ Norma Gonzalez_____
LSI TITLE COMPANY (CA)

---

Trustee Sale No: CA07000346-10-1
Loan No: 0007039355     Title Order No: 100542497-CA-LPI

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND
IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due
payments plus permitted costs and expenses within the time permitted by law for reinstatement of your
account, which is normally five business days prior to the date set for the sale of your property. No sale
date may be set until three months from the date this notice of default may be recorded (which date of
recordation appears on this notice).

This amount is $302,802.58 as of October 23, 2010, and will increase until your account becomes
current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes)
required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay
taxes on the property, provide insurance on the property, or pay other obligations as required in the note
and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate
your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to
reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and
hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire
amount you must pay. You may not have to pay the entire unpaid portion of your account, even though
full payment was demanded, but you must pay all amounts in default at the time payment is made.
However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice
of sale is posted (which may not be earlier than the end of the three-month period stated above) to,
among other things, (1) provide additional time in which to cure the default by transfer of the property or
otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the
obligation being foreclosed upon or a separate written agreement between you and your creditor permits
a longer period, you have only the legal right to stop the sale of your property by paying the entire amount
demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property
is in foreclosure for any other reason, contact :

Financial Freedom Acquisition LLC
c/o MTC FINANCIAL Inc., dba Trustee Corps
17100 Gillette Ave
Irvine, CA 92614
Phone: 949-252-8300 REF# CA07000346-10-1

If you have any questions, you should contact a lawyer or the governmental agency which may have
insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your

**EXHIBIT** A
**PAGE** 37

Josiena Brown                                4156563268                    p.2

property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT:

Default has been declared under a Deed of Trust dated as of April 29, 2005, executed by EDITH JOHNSON, AN UNMARRIED WOMAN, as trustor, to secure obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** as Beneficiary and FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A SUBSIDIARY OF INDYMAC BANK, F.S.B. as lender under Deed of Trust recorded May 5, 2005, as Instrument No. 2005-H948055-00 in REEL I883, IMAGE 0263 of the Official Records in the office of the Recorder of San Francisco County, California, and is subject to the terms and conditions contained therein and that the payment has not been made of:

**THE SUBJECT DEED OF TRUST IS A REVERSE MORTGAGE THAT BECAME ALL DUE AND PAYABLE ON 02/01/2010 FOR ONE AND/OR MORE OF THE FOLLOWING BREACHES:**

**1) WITHIN 30 DAYS OF THE DATE OF DEATH OF THE LAST SURVIVING BORROWER, BENEFICIARY HAS BEEN PRESENTED WITH SUFFICIENT EVIDENCE AND DOES HEREBY REPRESENT THAT TO THE BEST OF THEIR BELIEF AND KNOWLEDGE THE LAST SURVIVING BORROWER UNDER THE NOTE AND DEED OF TRUST IS DECEASED.**

**2) ALL OF A BORROWER'S TITLE IN THE PROPERTY (OR HIS/HER BENEFICIAL INTEREST IN A TRUST OWNING ALL OR PART OF THE PROEPRTY) IS SOLD OR TRANSFERRED AND NO OTHER BORROWER RETAINS TITLE.**

**3) THE PROPERTY CEASES TO BE THE PRINCIPAL RESIDENCE OF A BORROWER FOR REASONS OTHER THAN DEATH AND THE PROPERTY IS NOT THE PRINCIPAL RESIDENCE OF AT LEAST ONE OTHER BORROWER.**

**4) AN OBLIGATION OF THE BORROWER UNDER SAID NOTE AND DEED OF TRUST WAS NOT PERFORMED.**

The Deed of Trust encumbers certain property more particularly described therein (the "Trust Property"), and that failed to pay the balance of the principal sum which became due;

The Deed of Trust secures the payment of and the performance of certain obligations, including but not limited to, the obligations set forth in a promissory note(s) with a face amount of $469,342.50, and that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the trustor has failed to perform obligations pursuant to or under the Note and/or the Deed of Trust, specifically: failed to pay the balance of the principal sum which became due; and that by reason thereof, the present beneficiary under such Deed of Trust, has delivered to TRUSTEE CORPS said Trustee a Declaration and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the Trust Property to be sold to satisfy the obligations secured thereby.

Date: October 25, 2010

MTC FINANCIAL Inc., dba Trustee Corps as Agent for the Beneficiary
By: LSI Title Agency, Inc., as Agent



By:      Norma Gonzalez

TRUSTEE CORPS IS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

EXHIBIT A
PAGE 38

Josiena Brown                                    4156563268                    p.3

## IMPORTANT INFORMATION – PLEASE READ FIRST

**You are being provided this notice because of a search of the public record or from information provided by our client.**

**To obtain a payoff / reinstatement or to cure the default you will need to contact our office. In order to assist you please use the contact information noted below.**

**Contact information**

| | |
|---|---|
| **Email requests:** | support@trusteecorps.com |
| **Facsimile requests:** | (949) 252-8330 |
| **Written requests:** | Trustee Corps (Foreclosure Department) |
| | 17100 Gillette Avenue |
| | Irvine, Ca 92614 |

**On all request**

| | |
|---|---|
| **Please include:** | The information you're Requesting |
| | Your Name |
| | Your Mailing Address |
| | Your Phone Number |
| | Your Loan Number |
| | Our File Number |
| | Your relationship to the property in foreclosure |
| | (Example: property owner, junior lien holder, escrow |
| | company, etc.) |

**Please make your request as soon as possible.**
**Information will be made available only to those authorized to obtain the information.**

In compliance with the <u>Fair Debt Collection Practices Act</u>, the enclosed notice(s) is(are) being provided. We are attempting to collect a debt and any information we obtain will be used for that purpose. The debt being collected is assumed to be valid unless debtor disputes within 30 days. If disputed, debt collector will obtained and furnish to debtor verification of the debt. If written request is made within 30 days by debtor, the name of the original lender will be given if different than current. The amount of the debt is contained on the enclosed notice. The name of the creditor is contained on the enclosed notice.
To obtain this information please contact: **TRUSTEE CORPS, 17100 Gillette Avenue, Irvine, Ca 92614.**
With your request please include: Your name, Your Mailing Address, Your Phone Number, Your Loan number, and Our File Number. If you should have any questions, please feel free to contact our office during our normal business hours of 8:00 am to 5:00 pm Pacific Time. Our phone number is 949-252-8300.

**EXHIBIT** A
**PAGE** 39

Jan 27 11,07:34p    Josiena Brown                          4155563268                    p.2

[Recording Requested By

When Recorded Mail To:]

Trustee Corps
17100 Gillette Ave
Irvine, CA 82614

---

**Trustee Sale No. CA07000346-10-1 . Title Order No. 100542497-CA-LPI**

**Loan No. 0007039355**

**APN 32-5468-004-01**

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED April 29, 2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On February 22, 2011, at 02:00 PM, at the Van Ness Street entrance to the City Hall, 400 Van Ness Ave, San Francisco, CA, MTC FINANCIAL Inc.dba Trustee Corps, as the duly appointed Trustee, under and pursuant to the power of sale contained in that certain Deed of Trust Recorded on May 5, 2005, as Instrument No. 2005-H948055-00 Book I883 Page 0263 of Official Records in the office of the Recorder of San Francisco County, CA , executed by: EDITH JOHNSON, AN UNMARRIED WOMAN, as Trustor, in favor of FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A SUBSIDIARY OF INDYMAC BANK, F.S.B. as Beneficiary, WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER, in lawful money of the United States, all payable at the time of sale, that certain property situated in said County, California describing the land therein as:

AS MORE FULLY DESCRIBED ON SAID DEED OF TRUST.

The property heretofore described is being sold "as is". The street address and other common designation, if any, of the real property described above is purported to be:

1200 JAMESTOWN AVENUE, SAN FRANCISCO, CA 94124

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Said sale will be made without covenant or warranty, express or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the Note(s) secured by said Deed of Trust, with interest theron, as provided in said Note(s), advances if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

The total amount of the unpaid balance of the obligations secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of this Notice of Trustee's Sale is estimated to be $313,106.90 (Estimated), provided, however, prepayment premiums, accrued interest and advances will increase this figure prior to sale. Beneficiary's bid at said sale may include all or part of said amount. In addition to cash, the Trustee will accept a cashier's check drawn on a state or national bank, a check drawn by a state or federal credit union or a check drawn by a state or federal savings and loan association, savings association or savings bank specified in Section 5102 of the California Financial Code and authorized to do business in California, or other such funds as may be acceptable to the trustee. In the event tender other than cash is accepted, the Trustee may withhold the issuance of the Trustee's Deed Upon Sale until funds become available to the payee or endorsee as a matter of right. The property offered for sale excludes all funds held on account by the property receiver, if applicable.

**EXHIBIT** _A_

**PAGE** _40_

Jan 27 11 07:34p     Josiena Brown                                    4156563268                p.1

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse.**

DATE: January 27, 2011

MTC FINANCIAL INC dba Trustee Corps
TS No. CA07000346-10-1 .
17100 Gillette Ave
Irvine, CA 92614
949-252-8300

_____
Clarisa Gastelum,  Authorized Signature

**SALE INFORMATION CAN BE OBTAINED ON LINE AT www.priorityposting.com
AUTOMATED SALES INFORMATION PLEASE CALL 714-573-1965**

**Compliance with California Civil Code Section 2924f: The Beneficiary or Beneficiary's agent has indicated that the requirements of California Civil Code Section 2924f have been met.**

Regarding the property that is the subject of this notice of sale, the "mortgage loan servicer" as defined in Civil Code § 2923.53(k)(3) declares that it has obtained from the Commissioner a final or temporary order of exemption pursuant to Civil Code section 2923.53 that is current and valid on the date this notice of sale is recorded or the time frame for giving a notice of sale specified in Civil Code Section 2923.52 subdivision (a) does not apply to this notice of sale pursuant to Civil Code Sections 2923.52.

_____
Clarisa Gastelum,   Authorized Signature

TRUSTEE CORPS IS A DEBT COLLECTOR.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

EXHIBIT A
PAGE 41

## NOTICE OF SALE
## PURSUANT TO SECTION 2924.8 OF THE CIVIL CODE

Foreclosure process has begun on this property, which may affect your right to continue to live in this property. Twenty days or m▪ after the date of this notice, this property may be sold at foreclosure. If you are renting this property, the new property owner may eit▪ give you a new lease or rental agreement or provide you with a 60-day eviction notice. However, other laws may prohibit an evictior this circumstance or provide you with a longer notice before eviction. You may wish to contact a lawyer or your local legal aid housing counseling agency to discuss any rights you may have.

## 出售公告
## 依據民法典第2924.8章

因本房产的屋迁程序已经开始，这可能会影响您在此继续居住的权利。从本通知起的二十天后，本房产可能会被出售。如果你是租房户新的房主可能给你新的出租协议,或通知您在60天内搬家。但有些法律可能禁止在此情况下的清房，或可为您提供更长的搬家期限。您↑以与您的律师,您当地的法律援助或房屋咨询机构讨论您的有关权利。

## 매매 통고
## 민법 제 2924.8 항에 의거

이 건물에 대한 차압 절차가 시작되었으며, 그로 인해 귀하가 이 건물에서 계속해서 거주할 수 있는 권리에도 영향이 미칠 수 있습니▪ 이 통고문의 날짜로부터 20일 혹은 그 후에, 이 건물은 차압 매매될 수 있습니다. 만약 귀하가 이 건물을 임차하고 있다면, 새로운 건 소유주는 귀하와 새임대차 계약을 하거나 또는 60일 이내 퇴거하라는 통고를 할 수 있습니다. 그러나, 다른 법률들은 이런 상황에서 퇴거를 금지하거나 또는 귀하에게 퇴거하기 전까지 연장된 기간의 통고를 하도록 할 수도 있습니다. 귀하의 권리에 대한 상담을 하위해 귀하는 변호사 또는 귀하가 있는 지역의 법률 구호 기관 혹은 주택 상담 기관에 연락할 수도 있습니다.

## ANUNCIO DE VENTA
## SEGÚN LA SECCIÓN 2924.8 DEL CÓDIGO CIVIL

El proceso de ejecución de hipoteca ha comenzado en esta propiedad, lo que puede afectar su derecho de vivir en esta propiedad. propiedad puede ser vendida en ejecución de hipoteca veinte días o más después de la fecha de este aviso. Si usted está rentan esta propiedad, el nuevo dueño de la propiedad puede darle a usted un nuevo contrato de arrendamiento o alquiler o darle un aviso desalojo de 60-días. Sin embargo, otras leyes tal vez puedan prohibir un desalojo en esta circunstancia o proveerle a usted un avi de desalojo de más tiempo para que desaloje la propiedad. Tal vez usted desee comunicarse con un abogado o su ayuda legal de localidad o agencia de consejería de vivienda para hablar de cualquier derecho que usted tal vez tenga.

## PAUNAWA SA PAGBENTA
## BATAY SA SEKSYON 2924.8 NG NILAGDAANG SIBIL

Ang proseso ng pagreremata ay nagsimula na sa pag-aaring ito, na kung saan ay maaaring makaapekto sa inyong karapatan tuluyang manirahan sa pag-aaring nabanggit. Dalawampung araw o higit pa matapos ang petsang naisagawa ang paunawang ito, a▪ nasabing pag-aari ay maaari nang ibenta batay sa pagremata. Kung kayo ay nangungupahan sa pag-aaring ito, ang bagong may▪ ay maaaring magbigay ng bagong kasunduan sa paghiram o pagbenta o bigyan kayo ng kasulatan na paunawa na makalipat sa lo▪ ng 60 na araw. Gayunpaman, maaaring ipagbawal ng ibang batas ang pagpapaalis sa pagkakataong ito o maaaring bigyan kayo ▪ mas mahabang panahon bago ang pagpapaalis. Minumungkahi kayong makipagbigay alam sa inyong abogado o lokal na katulo▪ pang-legal o ahensiya ng payong pabahay upang pag-usapan ang alinmang karapatan na kayo ay mayroon.

## THÔNG BÁO BÁN
## THEO ĐIỀU 2924.8 BỘ LUẬT DÂN SỰ

Việc bắt đầu tịch thu tài sản này có thể ảnh hưởng đến quyền tiếp tục sinh sống của bạn tại đây. Bắt đầu từ hai mươi ngày trở đi s▪ thông báo, tài sản này có thể bị tịch thu để trả nợ. Nếu bạn đang mướn nhà tại đây, chủ tài sản mới sẽ gửi cho bạn cam kết mới ▪ việc thuê hoặc mướn  hoặc có thể sẽ gửi cho bạn thông báo rời khỏi nhà trong vòng 60 ngày. Tuy nhiên,một số luật khác có thể khở▪ cho phép việc yêu cầu rời khỏi nhà trong trường hợp này mà gửi cho bạn thông báo sớm hơn trước khi yêu cầu bạn rời đi. Bạn n▪ liên hệ với luật sư hoặc tổ chức giúp đỡ luật địa phương hoặc cơ sở tư vấn nhà để tham khảo những quyền bạn c▪

EXHIBIT A

PAGE 42

FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2011 FEB -8 PM 2: 35

CLERK OF THE COURT

BY: _____
DEPUTY CLERK

1  RICHARD A. CANATELLA (SBN 53264)
   Cotter & Del Carlo
2  4610 Mission Street, Fourth Floor
   San Francisco, CA 94112
3  (415) 584-5446
   (415) 584-5447 FAX
4
   Attorneys for JOSIENA BROWN
5

6  **SUPERIOR COURT OF CALIFORNIA**

7  **CITY AND COUNTY OF SAN FRANCISCO-PROBATE**

8

9  In re ESTATE OF EDITH JOHNSON.          No. PES 10-293632
   _____/        ORDER GRANTING TEMPORARY RESTRA
10                                          ING ORDER
   JOSIENA BROWN, Administratrix.          PROPOSED EX PARTE ORDER
11 _____/        ENJOINING TRUSTEE SALE AND ORDER
                                           AND ORDER TO SHOW CAUSE WHY A
                                           PRELIMINARY INJUNCTION SHOULD NOT BE
12 JOSIENA BROWN,                          Date: February 8, 2011           GRANTED
                                           Time: 9:00 a.m. 11:00 a.m.
13           Petitioner,                   Dept.: 204 202

14 v.                                      **HON. MARY E. WISS**

15 MTC FINANCIAL, INC., dba TRUSTEE
   CORPS,
16
             Respondent.
17 _____/

18

19

20

21

22

23

24

25

26

27



**EXHIBIT** A
**PAGE** 43

1       Petitioner and applicant JOSIENA BROWN, duly appointed administrator of her

2  mother's estate, namely, the *Estate of Edith Johnson*, applied ex parte to enjoin trustee

3  sale of the estate's only asset at 1200 Jamestown Avenue, San Francisco, CA 94124 (the

4  property). The matter came on regularly for hearing. Petitioner appeared by counsel

5  Richard A. Canatella. Respondent MTC FINANCIAL, INC., dba TRUSTEE CORPS, and

6  beneficiary FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, a subsidiary of

7  INDYMAC BANK, FSB were given Notice of the application, by telephone, mail and fax,

8  including the date, time, and where the application would be made.

9       **THE COURT FINDS** that it has jurisdiction of the parties and the subject matter

10  under Probate Code §§ 9391, and that proper notice of the Petition and supporting

11  papers was given all interested parties as required by law.

12  ~~Accordingly, good cause appearing,~~

13  **IT IS ORDERED:**

14       A. The Court **DIRECTS** that Petitioner safeguard the estate's only asset at 1200

15  Jamestown Avenue, San Francisco, CA 94124 (the property) even though it is in

16  foreclosure;

17       B. Respondents MTC FINANCIAL, INC., dba TRUSTEE CORPS, and FINANCIAL

18  FREEDOM SENIOR FUNDING CORPORATION, a subsidiary of INDYMAC BANK, FSB,

19  are preliminarily and permanently **ENJOINED** and **RESTRAINED**, along with all persons

20  acting in concert with them, their principals, agents and successors in interest, from

21  foreclosing or attempting to foreclose under deed of trust, or selling at trustee's sale,

22  encumbering, conveying or otherwise encumbering, conveying, selling or attempting to

23  sell the property, or from levying upon, or evicting any occupant of the property, or

24  otherwise taking possession of the property; **EXHIBIT** *A*

25      **PAGE** 99

26       C. Petitioner is **ALLOWED** to sell the property subject to court confirmation on any

27  offer to purchase the estate's interest in the subject property for any amount bid and

28  ~~overbids;~~

1    Accordingly, good cause appearing,

2    IT IS ORDERED:

3    1.    Petitioner's request for to enjoin Respondents MTC Financial, Inc., dba Trustee Corps,

4    Financial Freedom Senior Funding Corporation, a subsidiary of Indymac Bank, FSB is GRANTED. A

5    temporary restraining order is GRANTED. Respondents, along with all persons acting in concert with

6

7    them, their principals, agents and successors in interest are enjoined from foreclosing or attempting to

8    foreclose under deed of trust, or selling at trustee's sale, encumbering, conveying or otherwise

9    encumbering, conveying, selling or attempting to see the property located at 1200 Jamestown Avenue,

10   San Francisco, CA 94124, or otherwise taking possession of the property;

11   2.    Notice is hereby given to Respondent to show cause on Tuesday, February 22, 2011 at

12   11:00 a.m. in Department 204 of the above entitled Court why a preliminary injunction enjoining the s

13   of the property should not be granted.

14

15   3.    Petitioner shall immediately serve this Order on Respondent.

16

17

18   Dated: February 8, 2011

                                              Mary E. Wiss
19                                            Judge/of the Superior Court

20

21

22

23

24

25

26
                              EXHIBIT__A__
27                            PAGE__45__

28



| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| COTTER & DEL CARLO<br>4610 MISSION STREET, SUITE 203<br>SAN FRANCISCO, CA 94112 | | | | |
| Telephone No: 415-584-5446   FAX No: 415-584-5447 | | | | |
| | | Ref. No. or File No.: | | |
| Attorney for: Petitioner | | BROWN V. MTC FINANCIAL | | |
| Insert name of Court, and Judicial District and Branch Court: | | | | |
| SAN FRANCISCO COUNTY SUPERIOR COURT | | | | |
| Petitioner: JOSIENA BROWN | | | | |
| Respondent: MTC FINANCIAL, INC. DBA TRUSTEE CORPS | | | | |

| PROOF OF SERVICE<br>ORDER | Hearing Date: | Time: | Dept/Div: | Case Number:<br>PES 10-293632 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the ORDER; GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE W
PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED

*3.  a. Party served:*                MTC FINANCIAL, INC. DBA TRUSTEE CORPS. BY SERVING:
                                                      AUTHORIZED PERSON
    *b. Person served:*              VESS UCH, AUTHORIZED TO ACCEPT

*4.  Address where the party was served:*     17100 GILLETTE AVENUE
                                                      IRVINE, CA 92614

*5.  I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive serv
    process for the party (1) on: Tue., Feb. 08, 2011 (2) at: 5:00PM

*7.  Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. DON NIEMEYER                          d.  *The Fee for Service was:*
    **b. ABC LEGAL INVESTIGATIONS**          e.  I am: (3) registered California process server
       210 FELL STREET, STE. 17                        *(i)*   Independent Contractor
       SAN FRANCISCO, CA 94102                         *(ii)  Registration No.:*      1374
    c. (415) 982-3416, FAX 415-487-8974                *(iii) County:*              Orange

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Mon, Feb. 14, 2011

**EXHIBIT** A

**PAGE** 46

PROOF OF SERVICE
ORDER

(DON NIEMEYER)                     5845446.3

Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007

RICHARD A. CANATELLA (SBN 53264)
Cotter & Del Carlo
4610 Mission Street, Fourth Floor
San Francisco, CA 94112
415 584-5446
415-584-5447 FAX

Attorneys for Josiena Brown

*THE ANNEXED INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE.*
*ATTEST:*
MAR 1 2011
CLERK OF THE COURT, County of San Francisco
Superior Court of California, County of San Francisco
BY: _____ DEPUTY CLERK

FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO
2011 MAR -1 PM 4: 40
CLERK OF THE COURT
BY: _____
DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO-PROBATE

In re ESTATE OF EDITH JOHNSON

JOSIENA BROWN, Administratrix

JOSIENA BROWN,

    Petitioner,

v.

MTC FINANCIAL, INC., dba TRUSTEE CORPS.
     Respondent.

    Defendant.

**No. PES 10-293632**

**ORDER GRANTING PRELIMINARY INJUNCTION**

Hearing: March 1, 2011
Time: 11:00 a.m.
Department 202
HON. MARY WISS

*hearing on The Order to show cause why a Preliminary Injunction should*

The Petition of Josiena Brown came on regularly for hearing on March 1, 2011.

Good cause appearing therefor,

IT IS HEREBY ORDERED,

Petitioner's request to enjoin Respondents MTC Financia, Inc. Dba Trustee Corps,

and financial Freedom Senior funding Corporation, a subsidiary of Indymac Bank, FSB is

*and a preliminary injunction shall issue.*

granted. Respondents, along with all persons acting in concert with them, their

prinicpals, agents and successors in interest are enoined from foreclosing or attempting

to foreclose under a deed of trust, or selling at a trustee's sale, encumbering, conveying

or otherwise encumbering, conveying , selling or attempting to sell the proprty located at

1200 Jamestown Avenue, San Francisco, CA 94124 or otherwise taking control of the

EXHIBIT A
PAGE 47

1  property, pending further order of this court.

2  ~~Bond is set at~~

3  A hearing on the Permanent Conjunction is set for
March 22, 2011 at 11:00 a.m. The underlying Petition

4

5  for Instructions is continued from March 15, 2011
to March 23, 2011.

6  ~~DATED:~~

7  Petitioner must file a proof of service of this
order within five days of today's date.

8

9

10  Dated: March 1, 2011

11                                    JUDGE OF THE SUPERIOR COURT

12                                    MARY E. WISS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  **EXHIBIT** A
    **PAGE** 48

28

Exhibit B

DE-12

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* RICHARD A. CANATELLA   (State Bar # 53264)<br>Cotter & Del Carlo<br>4610 Mission Street, 4th Floor<br>San Francisco, CA 94112<br>TELEPHONE NO.: (415) 584-5446        FAX NO. *(Optional)*: (415) 584-5447<br>E-MAIL ADDRESS *(Optional)*: delcarlo@earthlink.net<br>ATTORNEY FOR *(Name)*: JOSIENA BROWN, Petitioner | *FOR COURT USE ONLY*<br><br>ENDORSED<br>F I L E D<br>*San Francisco County Superior Court*<br><br>APR 2 2 2011<br><br>CLERK OF THE COURT<br>By: _____ WILMA DE GRACIA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Probate

| [X] ESTATE OF *(Name)*:   [ ] IN THE MATTER OF *(Name)*:<br><br>EDITH JOHNSON<br>[X] DECEDENT   [ ] TRUST   [ ] OTHER | **AFFD. OF MAILING** |
| NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST | CASE NUMBER:<br>PES 10-293632 |

**This notice is required by law.**
**This notice does not require you to appear in court, but you may attend the hearing if you wish.**

1. NOTICE is given that *(name)*: JOSIENA BROWN
*(representative capacity, if any)*: Petitioner

has filed *(specify)*:* PETITION TO RECOVER REAL PROPERTY WITH EXHIBITS [PC §§ 850]

2. You may refer to the filed documents for more information. *(Some documents filed with the court are confidential.)*

3. A HEARING on the matter will be held as follows:

| a. | Date: JUN 0 1 2011 | Time: 9:00 am | Dept.: 204 | Room: 204 |

b. Address of court [X] shown above [ ] is *(specify)*:

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Order* (form MC-410). (Civil Code section 54.8.)

* Do **not** use this form to give notice of a petition to administer estate (see Prob. Code, § 8100 and form DE-121) or notice of a hearing in a guardianship or conservatorship (see Prob. Code, §§ 1511 and 1822 and form GC-020).

EXHIBIT B
PAGE 49

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>DE-120 [Rev. July 1, 2005]

**NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST**
**(Probate—Decedents' Estates)**

Probate Code §§ 851, 1211
1215, 1216, 1230, 1700
www.courtinfo.ca.gov

| X | ESTATE OF *(Name):* | | IN THE MATTER OF *(Name):* | CASE NUMBER: |
|---|---|---|---|---|
| | | EDITH JOHNSON | | PES 10-293632 |
| | | X | DECEDENT ☐ TRUST ☐ OTHER | |

## CLERK'S CERTIFICATE OF POSTING

1. I certify that I am not a party to this cause.
2. A copy of the foregoing *Notice of Hearing—Decedent's Estate or Trust*
   a. was posted at *(address):*

   b. was posted on *(date):*

Date: _____     Clerk, by _____ , Deputy

## PROOF OF SERVICE BY MAIL *

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.
2. My residence or business address is *(specify):* 4610 Mission Street, 4th Floor
   San Francsico, CA 94112

3. I served the foregoing *Notice of Hearing—Decedent's Estate or Trust* on each person named below by enclosing a copy in an envelope addressed as shown below AND
   a. ☒ **depositing** the sealed envelope on the date and at the place shown in item 4 with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. a. Date mailed: April 22, 2011     b. Place mailed *(city, state):* San Francisco, CA

5. ☒ I served with the *Notice of Hearing—Decedent's Estate or Trust* a copy of the petition or other document referred to in the Notice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date: April 22, 2011

_____ RICHARD A CANATELLA _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                    (SIGNATURE OF PERSON COMPLETING THIS FORM)

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| | Name of person served | Address *(number, street, city, state, and zip code)* |
|---|---|---|
| 1. | SEE SERVICE LIST | |
| 2. | | |
| 3. | | |
| 4. | | EXHIBIT _B_<br>PAGE _50_ |

☒ Continued on an attachment. *(You may use Attachment to Notice of Hearing Proof of Service by Mail, form DE-120(MA)/GC-020(MA), for this purpose.)*

* Do not use this form for proof of personal service. You may use form DE-120(P) to prove personal service of this Notice.

DE-120 [Rev. July 1, 2005]     **NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST**     Page 2 of 2
(Probate—Decedents' Estates)

| **ESTATE OF:** EDITH JOHNSON | CASE NUMBER |
| DECEDENT. | **PES 10-293632** |

# SERVICE LIST

Name and Address

MTC FINANCIAL, INC., dba TRUSTEE CORPS.
17100 Gillette Avenue
Irvine, CA 92614

FINANCIAL FREEDOM SENIOR FUNDING CORP.
190 Technology Parkway
Suite 100
Norcross, GA 30092

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
P.O. Box 2026
Flint, MI 48501-2026

FINANCIAL FREEDOM ACQUISITION LLC
P.O. Box 2026
Flint, MI 48501-2026

NATIONWIDE TITLE CLEARING
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

FINANCIAL FREEDOM
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

WILLIAM G. MALCOLM
HYDEE J. MULICHAK
MALCOM ◆CISNEROS
2112 Business Center Drive, 2nd Floor
Irvine, CA 92612

RICHARD J. REYNOLDS
16485 Laguna Canyon Road
Suite 250
Irvine, CA 92618-3837

**EXHIBIT** B
**PAGE** 51

Exhibit C

ENDORSED
F I L E D
San Francisco County Superior Court

APR 2 9 2011

CLERK OF THE COURT
By: _____ WILMA DE GRACIA
                              Deputy Clerk

1   RICHARD A. CANATELLA (SBN 53264)
    Cotter & Del Carlo
2   4610 Mission Street, Fourth Floor
    San Francisco, CA 94112
3   (415) 584-5446
    (415) 584-5447 FAX
4
    DAVID R. OLICK (SBN 72152)
5   836-B Southhampton Road-Mailbox 349
    Benicia, CA 94510
6   (707) 750-1005
    (925) 401-9419 FAX
7
8   Attorneys for JOSIENA BROWN

9              **SUPERIOR COURT OF CALIFORNIA**

10          **CITY AND COUNTY OF SAN FRANCISCO-PROBATE**

11

12   In re ESTATE OF EDITH JOHNSON.          **No. PES 10-293632**
                                    /
13                                            **VERIFIED EX PARTE**
     JOSIENA BROWN, Administratrix.           **APPLICATION FOR ORDER**
14                                            **GRANTING TEMPORARY**
                                    /         **RESTRAINING ORDER**
15   JOSIENA BROWN,                           **ENJOINING TRUSTEE SALE, AND**
                                              **ORDER TO SHOW CAUSE WHY A**
16          Petitioner,                       **PRELIMINARY INJUNCTION**
                                              **SHOULD NOT BE GRANTED;**
17   v.                                       **DECLARATION OF RICHARD A.**
                                              **CANATELLA**
18   FINANCIAL FREEDOM SENIOR
     FUNDING CORPORATION, A                   **Date: April 25, 2011**
19   SUBSIDIARY OF INDYMAC BANK, FSB;         **Time:   11:00 a.m.**
     MORTGAGE ELECTRONIC                      **Dept.:   202**
20   REGISTRATION SYSTEMS, INC.
     ("MERS"); FINANCIAL FREEDOM              **HON. MARY E. WISS**
21   ACQUISITION, LLC; MTC FINANCIAL,
     INC., dba TRUSTEE CORPS; RICHARD
22   J. REYNOLDS AND HYDEE J.
     MULICHAK; DOES 1 THRU 20,
23
            Respondents.
24                                  /

25

26          Petitioner and applicant JOSIENA BROWN, duly appointed administrator of her

27   mother's estate, namely, the *Estate of Edith Johnson*, applies ex parte to enjoin trustee

28   sale of the estate's only asset at 1200 Jamestown Avenue, San Francisco, CA 94124 (the

     EX PARTE APPLICATION FOR ORDER      EXHIBIT C
                                          PAGE 52

1 property). The trustee sale has been set for April 25, 2011 at 2 p.m., on the Van Ness

2 Avenue side of the San Francisco City Hall. The instant application is made under

3 Probate Code section 9391, authorizing "The personal representative ... to seek to enjoin

4 any action of the lienholder (FINANCIAL FREEDOM ACQUISITION, LLC) to enforce a

5 lien against property that is subject to the lien. Hence, petitioner is authorized to bring this

6 ex parte application.

### i. Brief Statement of the Facts.

8 1. Decedent died January 1, 2010, leaving an estate in real property. The only

9 asset of the estate is Decedent's single family home located at 1200 Jamestown Avenue,

10 San Francisco, CA 94124, which is subject to a mortgage and deed of trust in favor of

11 beneficiary Financial Freedom Senior Funding Corporation, a subsidiary of Indymac

12 Bank, FSB, as lender under Deed of Trust executed by Decedent April 29 and recorded

13 May 5, 2005, as Instrument No. 2005-H948055-00 in REEL 1883, IMAGE 0263 of the

14 Official Records in the office of the Recorder of San Francisco County, California,

15 securing real property commonly known as 1200 Jamestown Avenue, San Francisco, CA

16 94124 (the property).

17 2. Beneficiary Financial Freedom Senior Funding Corporation, a subsidiary of

18 Indymac Bank, FSB, assigned the beneficial interest to MORTGAGE ELECTRONIC

19 REGISTRATION SYSTEMS, INC. ("MERS"), who assigned the beneficial interest to

20 FINANCIAL FREEDOM ACQUISITION, LLC.

21

22 3. A probate referee made a date of death appraisal and valued the property at

23 $370,000, which appraisal was filed January 11, 2011. There is thus a pressing necessity

24 for immediate relief because petitioner is attempting to sell the property for the best price

25 after sufficient exposure in the market, while respondent is only interested in satisfying its

26 loan balance $313,106, an amount significantly lower than $370,000, the probate

27 referee's valuation. Petitioner has listed the property with Pacific Union International a

28 reputable real estate brokerage firm. Petitioner is informed that the market is improving

EX PARTE APPLICATION FOR ORDER

EXHIBIT ___
2 PAGE ___

1 and she expects to sell the property by May of 2011 for a purchase price close to the

2 probate referee's valuation. **See Canatella declaration, infra.**

3     4. Decedent obtained a reverse mortgage secured by the above-referenced

4 property which was serviced by Financial Freedom Acquisition, LLC. Unlike traditional

5 forward mortgages, reverse mortgages permit seniors to tap the equity they have built up

6 over the years in their home without requiring monthly mortgage payments to satisfy the

7 loan obligation. Upon the occurrence of a maturity event, of which the borrower's passing

8 is one, the loan becomes due and payable.

9     5. There is an urgency justifying injunctive relief. MTC FINANCIAL, INC., dba

10 TRUSTEE CORPS caused to be recorded October 25, 2010, a notice of default and

11 election to sell the property as document no. 10JO69902 in the office of the Recorder of

12 San Francisco County. On January 27, 2011, petitioner received a notice of Trustee's

13 Sale and the sale has been postponed to April 25, 2011 at 2 p.m., on the Van Ness

14 Avenue side of the San Francisco City Hall. Thus, unless a temporary restraining order is

15 issued the property will be sold on the City Hall steps this afternoon.

16     6. Under probate law petitioner as personal representative of the estate of her

17 mother has, as one of her responsibilities, the marshaling of all assets and property

18 interests of decedent. Probate Code section 9650, subdivision (a)(1) provides: "*The*

19 *personal representative has the right to, and shall take possession or control of, all the*

20 *property of the decedent to be administered in the decedent's estate* and shall collect all

21 debts due to the decedent or the estate." (Italics added.) Petitioner as personal

22 representative of decedent's estate has the discretionary power to sell estate real

23 property when a sale is either (a) "necessary to pay debts, devises, family allowance,

24 expenses of administration, or taxes," or (b) "to the advantage of the estate and in the

25 best interest" of persons within the estate. (Probate Code section 10000, subds. (a), (b)).

26 Here, a sale of Jamestown was "necessary to pay" the reverse mortgage debt, and "to

27 the advantage of the estate and in the best interest" of petitioner as sole beneficiary of

28 EX PARTE APPLICATION FOR ORDER      3

**EXHIBIT** C
**PAGE** 64

1  the estate. (§§10000, subds. (a), (b)). Therefore, if a sale is to the estate's advantage and

2  in the best interest of the heirs, the court need not also determine the sale is "necessary"

3  to pay debts, devises, or expenses. (See Estate of Barthelmess (1988) 198 Cal.App.3d

4  728, 735-736 (Barthelmess).)

5  7. Petitioner lacks financial capacity to post a cash bond as required by the

6  bonding company. **A true and correct copy of petitioner's application for fee waiver**

7  **showing relevant financial information will be produced in camera for the Court's**

8  **inspection.** However, since petitioner has limited authority under the order to probate she

9  cannot sell the property without court permission thereby assuring court control of all

10  proceeds which will be bonded. Since petitioner is mandated by statute to sell the

11  Jamestown property for its fair market price, applicant prays that the Court allow petitioner

12  as the estate's personal representative to sell subject to court confirmation any offer to

13  purchase the estate's interest in the subject property for any amount bid and overbids.

14  **WHEREFORE, APPLICANT PRAYS FOR AN ORDER:**

15  A. That the application to enjoin respondent trustee MTC FINANCIAL, INC., dba

16  TRUSTEE CORPS, and respondent beneficiary FINANCIAL FREEDOM ACQUISITION,

17  LLC, under assignment of beneficial interest from MORTGAGE ELECTRONIC

18  REGISTRATION SYSTEMS, INC. ("MERS") be GRANTED.

19  B. That respondents along with all persons acting in concert with them, their

20  principals, agents and successors in interest, be enjoined from foreclosing or attempting

21  to foreclose under deed of trust, or selling at trustee's sale, encumbering, conveying or

22  otherwise encumbering, conveying, selling or attempting to sell the property, or from

23  levying upon, or evicting any occupant of the property, or otherwise taking possession of

24  the property;

25  C. That notice be given to respondents to show cause in Department 204 of this

26  Court why a preliminary injunction enjoining the sale of 1200 Jamestown Avenue, San

27  Francisco, CA 94124, should not be granted.

28  

**EXHIBIT** C
**PAGE** 55

EX PARTE APPLICATION FOR ORDER                4

1    D. That applicant be permitted to forthwith serve a copy of the order by facsimile

2   on WILLIAM G. MALCOLM and/or HYDEE J. MULICHAK, 2112 Business Center Drive,

3   2nd Floor - Irvine, CA 92612, facsimile 949-252-1032, counsel for FINANCIAL FREEDOM

4   ACQUISITION, LLC, beneficiary of the subject deed of trust under assignment of

5   beneficial interest from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

6   ("MERS"). And that applicant shall also forthwith serve a copy of this order by facsimile on

7   RICHARD J. REYNOLDS, 16485 Laguna Canyon Road - Suite 250, Irvine, CA 92618-

8   3837, facsimile 949-474-6907, counsel for MTC FINANCIAL, INC., dba TRUSTEE

9   CORPS.

10    E. That the Court make further Orders as may be appropriate.

11   Dated: April 22, 2011                    COTTER & DEL CARLO
                                             DAVID R. QUICK
12

13
                                             By: Richard A. Canatella
14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                  EXHIBIT _C_

28                                                  PAGE _56_

EX PARTE APPLICATION FOR ORDER            5

1    VERIFICATION

2    I, JOSIENA BROWN, declare:

3    In my capacity individually as administratrix of decedent's estate and as sole heir,

4    state:

5    I have read the foregoing VERIFIED EX PARTE APPLICATION FOR ORDER

6    GRANTING TEMPORARY RESTRAINING ORDER ENJOINING TRUSTEE SALE, AND

7    ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE

8    GRANTED; DECLARATION OF RICHARD A. CANATELLA and know the contents

9    thereof. The same is true of my own knowledge except as to matters stated therein upon

10   information and belief, and as to those matters I believe it to be true.

11   I declare under penalty of perjury under the laws of the State of California that the

12   foregoing is true and correct, and that this verification was executed on April 22, 2011.

13

14                              JOSIENA BROWN

15

16

17

18

19

20

21

22

23

24

25

26

27                         **EXHIBIT** C
                           **PAGE** 57
28

EX PARTE APPLICATION FOR ORDER                6

1  **DECLARATION OF RICHARD A. CANATELLA**

2  I, Richard A. Canatella, declare:

3  1. Declarant is a California attorney and member of the State Bar of California for
4  thirty-nine (39) years, licensed to practice law in California and the District of Columbia,
5  and admitted to the bars of the United States District Court for the Northern and Central
6  Districts of California, the Ninth Circuit Court of Appeals, the United States Court of
7  Military Appeals and the Supreme Court of the United States. This declaration is in
8  support of ex parte application for order enjoining respondent MTC FINANCIAL, INC., dba
9  TRUSTEE CORPS, from conducting a trustee sale pursuant to notice. Declarant has
10  personal knowledge of the following.

11  2. Respondent's trustee's sale of the estate's only asset at 1200 Jamestown
12  Avenue, San Francisco, CA 94124 (the property) is scheduled for Monday April 25, 2011,
13  at 2 p.m. on the Van Ness steps of San Francisco City Hall. There is pressing necessity
14  for immediate relief because petitioner is attempting to sell the property for the fair market
15  value price after sufficient exposure in the market. Respondent seeks only its loan
16  balance $313,106, an amount significantly lower than $370,000, the probate referee's
17  valuation on an inventory and appraisement filed January 11, 2011. Petitioner has listed
18  the property with Pacific Union International a reputable real estate brokerage firm who
19  informs petitioner that the market is improving and she could expect to sell the property
20  for a purchase price close to the probate referee's valuation.
21

22  3. Applicant is charged to take possession of estate property. (Probate Code §§
23  9650, subd. (c).) Once such property has been sold, the proceeds are to be distributed as
24  required by §§10361.

25  4. On Friday April 22, 2011, notice of this application, the time and the place
26  thereof, was given to WILLIAM G. MALCOLM and/or HYDEE J. MULICHAK, 2112
27  Business Center Drive, 2nd Floor - Irvine, CA 92612, on counsel for FINANCIAL
28  FREEDOM ACQUISITION, LLC, beneficiary of the subject deed of trust under

EX PARTE APPLICATION FOR ORDER          7     **EXHIBIT** $\underline{C}$
                                                **PAGE** $\underline{58}$

1   assignment of beneficial interest from MORTGAGE ELECTRONIC REGISTRATION

2   SYSTEMS, INC. ("MERS") by phone 949-252-9400. Telephone notice was also given to

3   RICHARD J. REYNOLDS, 16485 Laguna Canyon Road - Suite 250, Irvine, CA 92618-

4   3837, counsel for MTC FINANCIAL, INC., dba TRUSTEE CORPS by phone 949-474-

5   6900. Both may appear on Monday by court call.

6         I declare under penalty of perjury and the laws of California that the foregoing is

7   true and correct.

8   Dated: April 22, 2011

9                      RICHARD A. CANATELLA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C
PAGE 59

EX PARTE APPLICATION FOR ORDER     8

1    RICHARD A. CANATELLA (SBN 53264)
     Cotter & Del Carlo
2    4610 Mission Street, Fourth Floor
     San Francisco, CA 94112
3    (415) 584-5446
     (415) 584-5447 FAX
4

5    DAVID R. OLICK (SBN 72152)
     836-B Southhampton Road-Mailbox 349
     Benicia, CA 94510
6    (707) 750-1005
     (925) 401-9419 FAX
7

8    Attorneys for JOSIENA BROWN

9               **SUPERIOR COURT OF CALIFORNIA**

10      **CITY AND COUNTY OF SAN FRANCISCO-PROBATE**

11

12    In re ESTATE OF EDITH JOHNSON.      **No. PES 10-293632**
                            /

13                                     **PROPOSED ORDER GRANTING**
   JOSIENA BROWN, Administratrix.      **TEMPORARY RESTRAINING**
14                                   **ORDER ENJOINING TRUSTEE**
                                 /    **SALE AND ORDER TO SHOW**
15    JOSIENA BROWN,                     **CAUSE WHY A PRELIMINARY**
                                      **INJUNCTION SHOULD NOT BE**
16          Petitioner,                  **GRANTED**

17    v.                                       **Date: April 25, 2011**
                                      **Time: 11:00 a.m.**
18    FINANCIAL FREEDOM SENIOR      **Dept.: 202**
     FUNDING CORPORATION, A
19    SUBSIDIARY OF INDYMAC BANK, FSB;    **HON. MARY E. WISS**
     MORTGAGE ELECTRONIC
20    REGISTRATION SYSTEMS, INC.
     ("MERS"); FINANCIAL FREEDOM
21    ACQUISITION, LLC; MTC FINANCIAL,
     INC., dba TRUSTEE CORPS; RICHARD
22    J. REYNOLDS AND HYDEE J.
     MULICHAK; DOES 1 THRU 20,
23

24          Respondents.
                              /

25

26

27                        EXHIBIT _C_

28                        PAGE _60_

PROPOSED EX PARTE ORDER

1     Petitioner and applicant JOSIENA BROWN, duly appointed administrator of her

2  mother's estate, namely, the *Estate of Edith Johnson*, applied ex parte for an order

3  granting temporary restraining order enjoining trustee sale of the estate's only asset at

4  1200 Jamestown Avenue, San Francisco, CA 94124 (the property) and order to show

5  cause why a preliminary injunction should not be granted. The matter came on regularly

6  for hearing.

7     Petitioner appeared by counsel Richard A. Canatella. Respondent MTC

8  FINANCIAL, INC., dba TRUSTEE CORPS, and beneficiary FINANCIAL FREEDOM

9  SENIOR FUNDING CORPORATION, a subsidiary of INDYMAC BANK, FSB were given

10  Notice of the application, by telephone and served with the papers by fax, including the

11  date, time, and where the application would be made.

12     **THE COURT FINDS** that it has jurisdiction of the parties and the subject matter

13  under Probate Code §§ 9391, and that proper notice of the Petition and supporting

14  papers was given all interested parties as required by law.

15     Accordingly, good cause appearing,

16     **IT IS ORDERED:**

17     A. Petitioner's application to enjoin respondent trustee MTC FINANCIAL, INC., dba

18  TRUSTEE CORPS, and respondent beneficiary FINANCIAL FREEDOM ACQUISITION,

19  LLC, under assignment of beneficial interest from MORTGAGE ELECTRONIC

20  REGISTRATION SYSTEMS, INC. ("MERS") is GRANTED. Respondent along with all

21  persons acting in concert with them, their principals, agents and successors in interest,

22  are enjoined from foreclosing or attempting to foreclose under deed of trust, or selling at

23  trustee's sale, encumbering, conveying or otherwise encumbering, conveying, selling or

24  attempting to sell the property, or from levying upon, or evicting any occupant of the

25  property, or otherwise taking possession of the property;

26     

27     B. NOTICE IS HEREBY GIVEN to respondents to show cause on _____,

28  at _____ a.m., in Department 204 of the above-entitled Court why a preliminary

PROPOSED EX PARTE ORDER

EXHIBIT C
PAGE 61

1 | injunction enjoining the sale of 1200 Jamestown Avenue, San Francisco, CA 94124,
2 | should not be granted.

3 | C. Petitioner shall forthwith serve a copy of this order by facsimile on WILLIAM G.
4 | MALCOLM and/or HYDEE J. MULICHAK, 2112 Business Center Drive, 2nd Floor -
5 | Irvine, CA 92612, facsimile 949-252-1032, counsel for FINANCIAL FREEDOM
6 | ACQUISITION, LLC, beneficiary of the subject deed of trust under assignment of
7 | beneficial interest from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
8 | ("MERS"). Petitioner shall also forthwith serve a copy of this order by facsimile on
9 | RICHARD J. REYNOLDS, 16485 Laguna Canyon Road - Suite 250, Irvine, CA 92618-
10 | 3837, facsimile 949-474-6907, counsel for MTC FINANCIAL, INC., dba TRUSTEE
11 | CORPS.

12 | D. The Court **RESERVES** jurisdiction to enforce this Order, to hear and determine
13 | any disputes regarding the Order and to make further Orders as may be appropriate and
14 | necessary to carry out the intentions of this Order.

15 | Dated: April 25, 2011

16 |

17 | Judge of the Superior Court

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**EXHIBIT** C
**PAGE** 62

PROPOSED EX PARTE ORDER

Exhibit D

RECORDING REQUESTED BY:

COTTER & DEL CARLO
4610 Mission Street, Fourth Floor
San Francisco, CA 94112

WHEN RECORDED MAIL TO:

COTTER & DEL CARLO
4610 Mission Street, Fourth Floor
San Francisco, CA 94112

**CONFORMED COPY of document recorded**

on_____with do **04/22/2011 ,2011J165165**
This document has not been compared with the original
**SAN FRANCISCO ASSESSOR-RECORDER**

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

# IN RE ESTATE OF EDITH JOHNSON;
# San Francisco Superior Court-Probate No. PES-10-293632

# NOTICE OF PENDENCY OF ACTION

**AFFECTING** 1200 Jamestown Avenue, San Francisco ,
San Francisco, California, 94124
APN: 32-5468-004-01

EXHIBIT ___D___
PAGE ___63___

1  RICHARD A. CANATELLA (SBN 53264)
   Cotter & Del Carlo
2  4610 Mission Street, Fourth Floor
   San Francisco, CA 94112
3  (415) 584-5446
   (415) 584-5447 FAX
4
   DAVID R. OLICK (SBN 72152)
5  836-B Southampton Road-Mailbox 348
   Benicia, CA 94510
6  (707) 750-1005
   (925) 401-9419 FAX
7
   Attorneys for JOSIENA BROWN
8

**F I L E D**
San Francisco County Superior Court

APR 2 2 2011

CLERK OF THE COURT
By: _____
Deputy Clerk

9           **SUPERIOR COURT OF CALIFORNIA**

10      **CITY AND COUNTY OF SAN FRANCISCO-PROBATE**

11

12  In re ESTATE OF EDITH JOHNSON.          **No. PES-10-293632**
                                    /
13
    JOSIENA BROWN, Administratrix.         **NOTICE OF PENDENCY; PROOF**
14                                  /      **OF SERVICE**

15  JOSIENA BROWN,

16          Petitioner,

17  v.

18  FINANCIAL FREEDOM SENIOR
    FUNDING CORPORATION;
19  MORTGAGE ELECTRONIC
    REGISTRATION SYSTEMS, INC.
20  ("MERS"); FINANCIAL FREEDOM
    ACQUISITION, LLC, MTC FINANCIAL,
21  INC., dba TRUSTEE CORPS,

22          Respondents.
                            /
23

THE ANNEXED INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
ON FILE IN MY OFFICE.
ATTEST: CERTIFIED

APR 2 2 2011

CLERK OF THE COURT
Superior Court of California, County of San Francisco
BY: _____
DEPUTY CLERK
WILMA DE GRACIA

24  **TO THE CLERK, RESPONDENTS :**

25      **NOTICE IS HEREBY GIVEN** that the encaptioned action is pending in the

26  encaptioned court from an action for permanent injunction and seeking to establish title

27  and right to possession in JOSIENA BROWN, Administratrix of the ESTATE OF EDITH

28
    NOTICE OF PENDENCY                    EXHIBIT D
                                          PAGE 64

1 | JOHNSON to property located at 1200 Jamestown Avenue, San Francisco ("the affected

2 | property"), a single family dwelling. Among other things, the action seeks to quiet title to

3 | the affected property against the claims of respondents all others claiming an interest

4 | therein. The action is based on the contention that the claims of respondents, and the

5 | unknown, uncertain, or contingent claims, if any, of respondents and others are without

6 | any right whatever and respondents have no right, title, estate, lien, or interest

7 | whatsoever in the property.

8 | The affected property commonly known as 1200 Jamestown Avenue (the

9 | property) in the City and County of San Francisco, California, is described as follows:

10 | BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHWESTERLY
LINE OF KEITH STREET AND THE NORTHEASTERLY LINE OF JAMESTOWN

11 | AVENUE; THENCE RUNNING NORTHWESTERLY ALONG SAID LINE OF
JAMESTOWN AVENUE 27 FEET AND 1 INCH; THENCE AT A RIGHT ANGLE

12 | NORTHEASTERLY TO THE SOUTHWESTERLY LINE OF SALINAS AVENUE;
THENCE SOUTHEASTERLY ALONG SAID LINE OF SALINAS AVENUE TO

13 | THE NORTHWESTERLY LINE OF KEITH STREET; THENCE
SOUTHEASTERLY, SOUTHERLY AND SOUTHWESTERLY ALONG A CURVE

14 | WITH A RADIUS OF 9 FEET, CENTRAL ANGLE 90 DEG. , A DISTANCE OF
14.14 FEET; THENCE SOUTHWESTERLY ALONG A LINE PARALLEL TO AND

15 | PERPENDICULARLY DISTANT 9 FEET EASTERLY FROM THE FORMER
WESTERLY LINE OF KEITH STREET, A DISTANCE OF 38.917 FEET; THENCE

16 | SOUTHWESTERLY AND WESTERLY ALONG A CURVE TO THE RIGHT
TANGENT TO THE PRECEDING COURSE WITH A RADIUS OF 9 FEET,

17 | CENTRAL ANGLE OF 90 DEG. A DISTANCE OF 14.14 FEET TO THE POINT
OF BEGINNING. BEING A PORTION OF FRACTIONAL BLOCK NO. 49 OF THE

18 | PAUL TRACT HOMESTEAD ASSOCIATION AND A PORTION OF KEITH
STREET VACATED.

19 |
APN: 32-5468

20 |
Commonly known as: 1200 Jamestown Avenue. The object of this action is to establish

21 | petitioner's title to the affected property. Reference is made to the Court file for further

22 |
particulars of the action.

23 | Dated: April 25, 2011

COTTER & DEL CARLO
DAVID R. COTICK

24 |

25 |

26 | By: Richard A. Canatella

27 |

28 |

EXHIBIT ___D___
PAGE ___65___

1  **PROOF OF SERVICE BY MAIL**

2      I, Richard A. Canatella, declare that I am employed in the City and County of San

3  Francisco, California, and am over the age of eighteen years and not a party to the within

4  cause; my business address is 4610 Mission Street, Fourth Floor, San Francisco,

5  California. I am familiar with the business practice for collection and processing of mail.

6  The following documents were enclosed In a sealed envelope, and mailed by certified

7  and first class mail with postage thereon fully prepaid, and deposited with the United

8  States Postal Service at San Francisco, California on this date addressed as follows:

9                  **DOCUMENTS MAILED:**

10  **NOTICE OF PENDENCY; PROOF OF SERVICE**

11                  **ADDRESSED TO:**

12  SEE ATTACHED SERVICE LIST

13      I declare under penalty of perjury under the laws of the State of California that the

14  foregoing is true and correct and that this declaration was executed on April 22, 2011, at

15  San Francisco, California.

16

17                          RICHARD A. CANATELLA

18

19

20

21

·22

23

24  

25

26

27

28

EXHIBIT____D____

PAGE____66____

| **ESTATE OF:** EDITH JOHNSON | CASE NUMBER |
| DECEDENT. | **PES 10-293632** |

# SERVICE LIST

Name and Address

MTC FINANCIAL, INC., dba TRUSTEE CORPS.
17100 Gillette Avenue
Irvine, CA 92614

FINANCIAL FREEDOM SENIOR FUNDING CORP.
190 Technology Parkway
Suite 100
Norcross, GA 30092

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
P.O. Box 2026
Flint, MI 48501-2026

FINANCIAL FREEDOM ACQUISITION LLC
P.O. Box 2026
Flint, MI 48501-2026

NATIONWIDE TITLE CLEARING
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

FINANCIAL FREEDOM
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

WILLIAM G. MALCOLM
HYDEE J. MULICHAK
MALCOM ◆CISNEROS
2112 Business Center Drive, 2nd Floor
Irvine, CA 92612

RICHARD J. REYNOLDS
16485 Laguna Canyon Road
Suite 250
Irvine, CA 92618-3837



**EXHIBIT** )
**PAGE** 67